[Morris v. McClellan.]

# Morris *v.* McClellan,

*Damages for Assault and Battery.*

(Decided Feb. 4, 1908.   45 South. 641.)

1._Assault and Battery; Defense; Pleading._—To an action of assault and battery justification must be specially pleaded.

2. *Same.*—A plea of self defense in justification of assault and battery, to be good must aver every element or fact necessary to constitute self defense, the same as if the cause was a criminal prosecution.

3. *Same.*—Where one standing in a relation that authorizes him to strike in protection of another, undertakes to set up justification, consisting of a defense of such other it must not only be shown that the person he sought to protect was free from fault in bringing on the difficulty but that he himself was free from fault; and the necessity to commit the battery must be shown.

4. *Same.*—Where self defense is set up in justification of an assault and battery the burden of showing freedom from fault in bringing on the difficulty on the part of the defendant is not on the defendant.

5. *Trial; Instructions.*—It is not error to refuse requested instructions fully or substantially covered by instructions given.

6. *Same; Instructions; Effect of Evidence.*—Where defendant relied for justification on the defense of his son a charge asserting that on the undisputed evidence plaintiff used more force than was necessary in repelling any assault that might have been ' made upon him by defendant's son, was invasive of the province of the jury.

7._Same; Argumentative Instructions._—A charge asserting that if plaintiff was entitled to any damages the jury should consider the fact that defendant's son was being beaten over the head by the plaintiff and that such son was bloody, if they so find the fact to be, was properly refused as argumentative.

8._Evidence; Res Gestae.*—Where the defendant justified on the grounds that he was defending his son from attack by plaintiff everything that occurred at the time of the difficulty between defendant's son and defendant, and connected therewith, was admissible as part of the res gestae.

9. *Same.*—The fact that the son went to the house of a certain person sometime after the difficulty, and what he said and did while there, form no part of the res gestae of the difficulty, and was inadmissible.

10. *Witnesses; Privilege of; Answers Tending to Criminate.*—Defendant had a right to refuse to answer interrogatories propounded to him under section 1850, Code 1896, on the grounds that his answers thereto would constitute evidence which might subject him to a criminal prosecution.

11. *Trial; Comment on Failure of Defendant to Testify.*—Plaintiff was permitted over defendant's objection to read to the jury those interrogatories which defendant declined to answer and defendant's ground of refusal to answer and to comment on the same in argument. Held, not error. (Tyson, C. J., dissents.

12. *Pleading; Amendments.*—Where defendant filed a plea setting out facts seeking to justify on the ground that he committed the alleged assault in defense of his son who had been attacked by plaintiff, the court will not be put in error for refusing to permit an amendment to the plea by the addition of the words concerning plaintiff's conduct, "thus using unnecessary force in repelling any assault made upon him by the son of defendant."

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by W. H. McClellan against John Morris, Sr. From a judgment in favor of plaintiff, defendant appeals. Reversed.

W. H. McClellan sues John Morris, Sr., for assault and battery. The first count was in Code form for assault and battery. The second count averred that the defendant willfully shot the plaintiff with a pistol, a deadly weapon, thereby inflicting upon his person a highly dangerous and painful wound, from which assault and battery as aforesaid the plaintiff suffered great mental anxiety and physical pain, was confined to his bed, unable to work for a great length of time, incurred large liabilities for doctor's bills and medicines, and was permanently impaired in his health. The defendant filed the following pleas: (1) The general issue. (2) "Defendant, as further and other answer to the said complaint as amended, and to each count thereof, separately and severally, says that on, to-wit, the 25th day of June, 1904, the plaintiff with a pistol in his hand had hold of the son of defendant striking or shooting him with said pistol, and that said son of defendant was very bloody; that the defendant himself was in a weakened condition, and some little distance from the point where plaintiff had hold of his (defendant's) son; that defendant called the plaintiff to turn his son loose, no atten-

[Morris v. McClellan.]

tion was paid thereto, and defendant, from the appearance of things at that time, was apparently unable to save his son from grievous bodily harm or death, except by shooting said plaintiff; that under these circumstances the defendant did shoot plaintiff, when plaintiff immediately released his (defendant's son); that defendant made no further or other attempt to injure said plaintiff, having thus relieved his (defendant's son), from his apparently perilous situation. And this the said defendant is ready to verify. Wherefore, he prays judgment if the said plaintiff ought to have and maintain his aforesaid action thereof against him," etc. (3) "The defendant, for further and other answer to the complaint as amended, and to each count thereof, separately and severally, says that, at the time he shot the said plaintiff, the said plaintiff with a pistol in his hand was inflicting or preparing to inflict grievous bodily harm or death upon the son of this defendant; that the defendant, upon seeing the apparent or real danger to his said son, called upon the plaintiff to release his (defendant's) son, which plaintiff did not do, but continued to act in a manner which would lead a reasonable person to honestly entertain the reasonable belief that he (plaintiff) intended to inflict grievous bodily harm or death to defendant's said son; that at said time blood was flowing freely from wounds about the head of defendant's son, which wounds had been inflicted thereon by the said plaintiff; that, when the said plaintiff refused or did not desist from his said attack on defendant's said son, the defendant then shot said plaintiff to protect and save his son from the real or apparent danger in which he then apparently was. And this the said defendant is ready to verify. Wherefore he prays judgment if the said plaintiff ought to have and maintain his aforesaid action thereof against him," etc. (4) "For

41 R

further and other answer to said complaint as amended, and to each count thereof, separately and severally, this defendant says that without fault on his part, and without fault on the part of his son, the plaintiff was inflicting and had inflicted grievous bodily hurt upon his (defendant's) son; that defendant requested the said plaintiff to desist from such action, which said plaintiff did not do; that thereupon defendant, being some distance from said plaintiff, shot in order to save his son from death or grievous bodily harm, real or apparent. And the defendant further avers that, at the time he fired said shot which struck the said plaintiff, the said plaintiff was armed with a pistol, and using it upon defendant's son; that, when defendant shot said plaintiff, the plaintiff released defendant's said son, and defendant made no further or other attempt to injure the said plaintiff. And this the said defendant is ready to verify. Whehrefore he prays judgment if the plaintiff ought to have and maintain his aforesaid action thereof against him." (5) "Defendant, for further and other special answer to said complaint as amended, and to each count thereof, separately and severally, says that plaintiff and a son of defendnt were engaged in a struggle of some kind, defendant's said son being wounded at the time, and just before and at the time the defendant shot the plaintiff said plaintiff was shooting or striking the said son of defendant with a pistol; that said son of defendant was bleeding at the time, being from wounds inflicted upon him by plaintiff; that to a reasonable man the appearance would have generated an honest belief of a necessity to intervene in defense of defendant's said son, who was then apparently or in reality in danger of grievous bodily harm or death at the hands of said plaintiff. Whereupon this defendant, not being in a situation to take hold of said plaintiff,

called to said plaintiff to loose the said son of defendant, which plaintiff did not do, but continued to shoot or strike him with said pistol; and in defense of his said son defendant shot said plaintiff, who at the time was using excessive force in repelling any seeming assault made upon him by defendant's said son."

The following demurrers were filed to special pleas 3, 4, and 5, separately and severally: "(1) That it does not show any justification for the assault complained of. (2) It does not aver or show any matter or facts in justification of the assult by the defendant on the plaintiff by shooting him with a pistol on the said occasion in question. (3) That it does not appear therefrom that the defendant used no more force than was necessary to free his son from the alleged peril or danger to life or great bodily harm at the hands of the plaintiff. (4) It does not appear therefrom that in striking or shooting the son of defendant the plaintiff was using more force than was necessary to free the plaintiff from the attack or assault or fighting of the alleged son of the defendant. (5) That it does not appear therefrom that the son of the defendant was not attacking, assaulting, or fighting, or attempting to attack, assault, or fight, the plaintiff at the time the defendant shot the plaintiff as averred in said plea. (6) That it does not appear therefrom that the son of the defendant, in whose behalf he avers he shot plaintiff, did not willingly enter into the alleged fight or struggle with the plaintiff, during which alleged fight or struggle the defendant avers he shot plaintiff. (7) It does not appear therefrom that the son of the defendant, in whose behalf the defendant shot the plaintiff, retreated from the plaintiff, or attempted in any wise to do so, in the beginning of or during the alleged struggle or fight mentioned in the

plea. (8) For aught that appears therein, the son of the defendant, and in whose behalf defendant avers he shot the plaintiff, was the aggressor in said alleged difficulty. (9) It does not appear therefrom that the said son of the defendant did not willingly enter into said alleged fight or struggle with plaintiff, or that the said son was not the aggressor in said alleged fight or struggle. (10) It does not appear therefrom that the said son could not have retreated from said alleged fight or struggle, or from the plaintiff, without increasing his danger to life or great bodily harm. (11) It is not averred or shown thereby that said son was free from fault in provoking or bringing on said alleged difficulty. (12) It does not appear therefrom that the plaintiff sought, brought on, or provoked the alleged difficulty between the plaintiff and the said son of the defendant. (13) It does not appear therefrom that defendant's said son had in good faith retired from such struggle or fight, if said son provoked or brough it on, prior to the firing of the shot by the defendant upon plaintiff. (14) It does not appear therefrom that the said son could have invoked the doctrine of self-defense in his own behalf at the time the defendant shot the plaintiff. (15). It is not averred or shown that there was any necessity for the defendant to shoot the plaintiff." There were other demurrers interposed raising like objections to the pleas.

These demurrers were sustained, and defendant filed a number of other special pleas, among them plea K, as follows: "Comes the defendant, by his atttorney, and for further and other special answer to the said complaint in this cause as amended, and to each count thereof, separately and severally, says: That the plaintiff ought not to have and maintain his said action against him, because he says that at the time the said alleged

assault and battery was committed on said plaintiff by this defendant the said plaintiff made an assault with force and arms upon Walter Morris, who was then and there the defendant's son, and did then and there beat, shoot, or otherwise use a pistol upon the said Walter Morris. That, just prior to said assault with force and arms by the plaintiff upon the defendant's son, defendant's son had come up to where plaintiff was then engaged in a scuffle with a brother of the said Walter Morris. That just at or about the time that defendant's brother freed himself from said plaintiff, defendant's son, Walter Morris, laid his hands gently upon the said plaintiff. That the said plaintiff thereupon began beating the said defendant's son over and on the head with a pistol, which plaintiff then and there had in his hands; the plaintiff at the same time holding fast to the son of defendant. [Defendant afterwards made a motion to insert here the following words: "'Thus using unnecessary force in repelling any assault made upon him by the said son of this defendant," which motion was denied.] That immediately upon discovery of the said situation of his said son this defendant, being some distance away from the plaintiff, called to the plaintiff to loose his son. That said plaintiff did not loose his son, but continued to hold or strike his son, or otherwise use upon him said pistol. That defendant called to plaintiff a second time to loose his said son; defendant being still some distance from plaintiff, and said plaintiff still having hold of defendant's son. That then it was that the pistol in the hands of plaintiff fired, and blood instantly flowed freely from a wound in the head of the son of defendant, or his ear. That thereupon this defendant, being still out of reach of plaintiff, shot the plaintiff, thereby causing him to release defendant's son and stop using the pistol upon his son; and as soon as plaintiff

released his said son the defendant neither did nor attempted to do anything to injure plaintiff."

In his oral charge the court said: "Under the law, a father has a right to shoot in the defense of his son; that is, he may shoot to protect his son from grievous bodily harm or death, when the son might shoot in self-defense, and only then can a father shoot in defense of his son. The burden of showing that he shot in self-defense is upon the defendant, and in order to invoke such doctrine he must reasonably satisfy the minds of the jury upon the evidence that Walter Morris was free from fault in bringing on the difficulty between him and the plaintiff, that there was no reasonable mode of retreat without increasing his real or apparent danger, and that the said Walter Morris was in imminent danger of real or apparent grievous bodily harm or death at the time he (the defendant) shot the plaintiff. I charge you that, if Walter Morris said or did anything to provoke the difficulty between him and the plaintiff, then Walter Morris could not set up the doctrine of self defense, had he shot the plaintiff; and this being true, if the defendant shot the plaintiff under such circumstances, then he is likewise barred of the right to invoke the doctrine that he shot the plaintiff in defense of said son, Walter Morris."

The court gave in writing the following charge for plaintiff: "(Z) I charge you, gentlemen of the jury, that the burden of proof in this case is on the defendant to show that Walter Morris was not the aggressor in the difficulty between said Morris and McClellan; and, if from all the evidence in this case, you are not reasonably satisfied that Walter Morris was not the aggressor in said difficulty, then your verdict should be for the plaintiff."

The court refused the following charges to the defendant: "(3) I charge you, gentlemen of the jury, as a mat-

ter of law, that the defendant had the right to shoot the plaintiff, if his son, Walter Morris, was without fault in provoking or bringing on the difficulty between himself and the plaintiff, and that he could not have retreated without increasing his danger or with reasonable safety, and if the defendant shot under a bona fide belief that his son's (Walter Morris') life was in danger, and under all the circumstances he had reasonable cause to beieve that his son, Water Morris, was in imminent danger at the moment the shots were fired; and it woud be immaterial whether there was such actual danger or not, uness you further believe from the evidence that the defendant himself was at fault in provoking or bringing on the difficulty." "(14) I charge you, gentlemen of the jury that on the undisputed evidence in this case the plaintiff used more force than was necessary in repelling any alleged assault which may have been made upon him by said Walter Morris. (15) I charge you gentlemen of the jury, even if you should be reasonably satisfied from the evidence that Walter Morris made the first assault on the plaintiff, yet as a matter of law I charge you that the force used by the plaintiff was disproportionate to the assault, and was therefore of more force than the law says that he may lawfully use to repel such an assault. (10) I charge you, gentlemen of the jury, that if you should find that the plaintiff was entitled to any damages you may look to the fact, if it be a fact, that defendant's son was being beat over the head with a pistol by the plaintiff, and that his said son was bloody if you find that he was bloody, at the time this defendant shot the plaintiff."

The witness Baker was permitted to testify, over the objections of the appellant, that Walter Morris was at John Kinney's house a few minutes after the shooting and asked where his children were, and that when Wal-

ter Morris came up the plaintiff was in the house, and witness asked Morris where the defendant had been just prior to the time he shot the plaintiff and Morris answered that he had just been down where Gresham was killed. There was verdict and judgment for the plaintiff in the sum of $500, and defendant appeals.

W. R. WALKER, for appellant. A person is justified in using sufficient force to protect a member of his family.—3 Cyc. 1075; *Spain v. Markham,* 20 Am. Dec. 232; *Higgins v. Minaghan,* 23 Am. St. Rep. 428; *Drinkhorn v. Bubel,* 48 N. W. Rep. 710; *Morris' Case,* 39 South. Rep. 608. A person assaulted may use only sufficient force as may be, or as appears to him at the time to be, necessary to protect himself from bodily harm.—3 Cyc. 1073; *Hughey's Case,* 47 Ala. 97, 103; *Thomasson v. Gray,* 82 Ala. 291; *Paxton v. Boyer,* 16 Am. Rep. 215; *Kent v. Cole,* 48 N. W. Rep. 168; *Galbraith v. Fleming,* 27 N. W. Rep. 581; *Drew v. Comstock,* 23 N. W. Rep. 721; *Jamison v. Mosely,* 10 Sou. Rep. 582; *Fosbinder v. Svitak,* 20 N. W. Rep. 866; *Higgins v. Minaghan,* 23 Am. St. Rep. 428; *Keep v. Quallman,* 32 N. W. Rep. 233; *Tucker v. State,* 46 L. R. A. 181; 1 Hilliard on Torts (3 Ed.), 188-189; 1 Waterman on Trespass, page 125, sec. 152. Though the defendant may have been the aggressor, by striking the first blow, yet if the plaintiff in repelling such assault by the defendant uses more force than necessary in his self-defense and unnecessarily abuses the defendant, then the plaintiff will be precluded from a recovery of damages for such assault by the defendant.—*Elliott v. Brown,* 2 Wend. 497, 20 Am. Dec. 644; 2 Am. & Eng. Encyl. Law 2d Ed.), 978. The original aggressor only continues such as long as the assaulted party restrains himself, but when the latter uses excessive force then he becomes the aggressor.—*Gutzman v. Clancy,* 58 L. R. A. .744; *Barholt v. Wright,* 45

Ohio St. 177, 12 N. E. Rep. 185; *Shay v. Thompson,* 59 Wisc. 540, 48 Am. Rep. 538; 1 Hilliard on Torts (3 Ed.), 188-9. Though the defendant may have struck the first blow, yet if the plaintiff uses more force than necessary in his self-defense, and unnecessarily abuses the defendant, then the plaintiff can not recover damages for the assault and battery by the defendant.—*Elliott v. Brown,* 2 Wend. 497, 20 Am. Dec. 644; *Dole v. Erskine,* 35 N. H. 503; *Scribner v. Beach,* 4 Denio, 448, 47 Am. Dec. 265; *Philbrick v. Foster,* 4 Ind. 442; *Hazell v. Clark,* 3 Harr. (Ded.) 22; 3 Greenl. Ev. (15th Ed.), Sec. 64. Where interrogatories filed by one party to the other under Art. 4 of Chapter 46 of the Code only pertinent questions, that is only matters pertinent to the issues need be answered.—Code 1855; *Culver, Admr. v. Ala. Mid. Ry. Co.,* 108 Ala. 330; *Hall v. L. & N. R. R. Co.,* 91 Ala. 112, 118. Under the excuse of self-defense the principal civil and natural relations are comprehended, therefore even killings by parent or child in the necessary defense of each other are excused.—*Karr's Case,* 106 Ala. 1; *Mitchell's Case,* 129 Ala. 23; *Campbell's Case,* 21 Am. St. Rep. 348; *Wood's Case,* 128 Ala. 27; *Whatley's Case,* 91 Ala. 108; *Morris' Case,* 39 Sou. Rep. 608.

WILSON & MARTIN, for appellee. The motion to strike certain words from the count is not shown by bill of exceptions and cannot be considered.—*Hatcher v. Branch,* 141 Ala. 410. In an action for assault and battery self defense must be specially pleaded.—*Lunsford v. Waller,* 93 Ala. 36; *Mitchell v. Gambrill,* 140 Ala. 316. In civil actions for assault and battery where defendant attempts to justify his act on the ground of self-defense he must negative fault on his part as well as plead the existence of a necessity sufficient in law to justify him and his inability to retreat.—*Phillips v. Kelly,* 29 Ala.

628; *Thomason v. Gray,* 82 Ala. 291; *A. G. S. v. Frazer,* 93 Ala. 45; *Conrad v. Reid,* 66 Mo. 346; *Blake v. Damon,* 103 Mass. 199; 3 Cyc. 1086; 27 Am. Rep. 354; 2 A. & E. Ency. of Law, 655. Each defendant is liable for the result of the joint conspiracy in a civil suit as well as in a criminal prosecution.—*Chattahoochie Co. v. Behrman,* 136 Ala. 508; *R. & D. R. R. Co. v. Greenwood,* 99 Ala. 501. No error was shown in reference to the interrogatories.—16 Cyc. 1064; *Southern Ry. Co. v. Bush,* 122 Ala. 470; *Andrews v. Tye,* 104 Mass. 234. There was no error in the oral charge of the court.—*Johnson v. The State,* 136 Ala. 76; *Scroggins v. The State,* 120 Ala. 769; *Jackson v. The State,* 81 Ala. 33. Charges 7, 8, 9, 10 and 14, offend the rule that charges on self-defense must hypothesize its various elements.—*Mann v. The State,* 135 Ala. 1; *Matthews v. The State,* 136 Ala. 47. Charge 16 was an argument.—*Bankcroft v. Otis,* 91 Ala. 279. Charges a, b, c, d, and e, were answers to arguments of counsel.—*Mitchell v. The State,* 136 Ala. 39; *White v. The State,* 133 Ala. 122.

DOWDELL, J.—This is an action to recover damages for an assault and battery committed on the plaintiff by the defendant. The defendant pleaded the general issue, and a number of special pleas, in which it was attempted to set up matter in justification of the assault. Demurrers were sustained to these pleas, and it is here insisted that the rulings of the court on the demurrers were erroneous. The rule is well settled that, in a civil action to recover damages for an assault and battery, justification for the alleged assault cannot be proven under the plea of the general issue, but must be specially pleaded.—*Mitchell v. Gambill,* 140 Ala. 316, 37 South. 290; *Lunsford v. Walker,* 93 Ala. 36, 8 South. 386. In such an action the burden is on the defendant to sustain

his plea of justification by legal and competent evidence sufficient to reasonably satisfy the jury.

In pleading self-defense in justification, the plea, to be unobjectionable on demurrer, should aver every element or fact necessary under the law to constitute self-defense, if the cause had been a criminal prosecution, instead of a civil action. Where one, standing in the relation that authorizes him under the law to strike in the protection of another, is sued for an assault and battery for striking in protection of such other one, and undertakes to set up justification in defense of the action, there must not only be freedom from fault on the part of the person he sought to protect, but freedom from fault on his own part, as well as a necessity to commit the battery. Measuring the special pleas, to which demurrers were sustained, by this rule, no reversible error was committed by the court in its ruling. Nor did the court commit any error in refusing to allow the amendment offered to special plea K. The amendment which was offered did not meet the objections raised to the plea by the demurrer, and the plea would not thereby have been made sufficient.

In criminal prosecutions, where the defense of self-defense is set up, while as a matter of law, to be of avail, the defendant must be free from fault in bringing on the difficulty, yet the rule of evidence does not place the burden of proof in showing freedom from fault on the defendant.—*Lewis v. State,* 120 Ala. 339, 25 South. 43; *Naugher v. State,* 116 Ala. 463, 23 South. 26; *Cleveland v. State,* 86 Ala. 1, 5 South. 426. We are unable to see any sound reason for applying a different rule in a civil action for damages for an assault. It is true that the measure of proof is different, in that in a criminal prosecution the evidence must satisfy beyond a reasonable doubt, while in a civil action it must reasonably satisfy; and the rule of pleading above stated, as to the suffi-

ciency of a plea in setting up self-defense as a justification in a civil suit, does not alter the rule of evidence as to the burden of proof. The portion of the oral charge of the court, as well as the written charges given at the request of the plaintiff and those refused to the defendant, placing the burden of proof as to freedom from fault on the defendant, were erroneous.

Charge 3, refused to the defendant, if good, was substantially covered by other charges given for the defendant. Charges 14 and 15 invaded the province of the jury, and were therefore properly refused. Charge 16 was argumntative.

The witness Dr. Hogan was shown to be competent to testify as an expert as to the nature and character of the wound inflicted on the plaintiff, and, along this line, as to whether or not the said wound permanently impaired the plaintiff physically. The defendant's plea H, on which issue was taken, rendered it competent for the plaintiff to show the conduct of John Morris, Sr., on the occasion in question. It was also competent to show all that occurred at the time of the difficulty and connected therewith as forming a part of the res gestae, and many of the objections raised by the defendant to the evidence were for this reason properly overruled. But we are unable to see how the evidence of Walter Morris going to Kinney's house several minutes after the difficulty was over, and what he there said or did, could be competent and legal. It formed no part of the res gestae, and as to the defendant, John Morris, it was in the nature of hearsay evidence. It was error to admit this evidence, and it cannot be said that it was without prejudice to the defendant.

The plaintiff filed interrogatories to the defendant under section 1850 et seq. of the Code of 1896. Some of the questions propounded the defendant answered, and others he refused to answer on the ground that he could

[Morris v. McClellan.]

not be required to give evidence which might subject him to criminal punishment. In so doing he exercised his constitutional right. The interrogatories, with the answers to certain questions and the refusal to answer others, were read to the jury. The defendant's refusal to answer certain questions was the subject of comment in argument by counsel to the jury. The question is now presented whether it was permissible for the plaintiff, over the defendant's objection, to read to the jury those interrogtories which the defendant refused to answer, and the defendant's ground of refusal, and to comment on the same in argument. In criminal prosecutions the failure or refusal of the defendant to testify cannot be commented n ir argument; but we know of no authority applying this rule to civil actions, nor do we see any reason for so doing. The plaintiff in a civil action has rights, as well as the defendant; and one of these rights is to secure evidence to support his cause in court, even to calling upon the defendant as a witness to supply it. It has always been the rule in civil actions that the failure of a party to the suit, when present at the trial, to testify as to a fact in issue, furnished legitimate ground of comment in argument to the jury by the opposite party. The defendant availed himself of his constitutional right of refusal to answer on the ground stated, and he had his benefit and protection from prosecution in exercising his privilege; but he could not expect to extend this privilege to the deprivation of the plaintiff of his right to comment in argument on his silence, no matter upon what ground he might put it. We are of the opinion that the trial court committed no error in its rulings on this question.

For the errors pointed out, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

HARALSON, SIMPSON, ANDERSON, and DENSON, JJ., concur. TYSON, C. J., concurs in the reversal, but dissents as to the right of counsel to comment upon the refusal of the defendant to answer certain interrogatories.