141 So. 667

**MARTIN v. DAVIS.**

7 Div. 118.

Supreme Court of Alabama.

March 17, 1932.

Rehearing Denied May 26, 1932.

Motley & Motley, of Gadsden, for appellants.

Frank J. Martin and Inzer, Inzer & Davis, all of Gadsden, for appellee.

ANDERSON, C. J.

This was an action of detinue for an automobile, the plaintiff relying upon a certain instrument in writing in support of his title against the two defendants who are husband and wife. The theory of the defense was that the wife, and not the husband, owned the car, and that the instrument relied upon by the plaintiff was not signed by the wife. These issues were submitted to the jury and found against the defendants.

■ The appellants complain of error upon the part of the trial court in not sustaining their plea of usury. It is sufficient to say that the defendants got the benefit of this plea by an amended one which was practical-

ly the same as the one to which the demurrer was sustained as well as by the proof and the verdict of the jury. In other words, the jury ascertained the amount due upon the mortgage or conditional sale contract to be only $300, which excluded any interest.

█ As to whether or not Martin or his wife owned the car was one of the issues in the case, and what he said as to his ownership when negotiating the loan with plaintiff's agent was part of the res gestæ. Moreover, the trial court limited this evidence as to Martin and excluded it as having any bearing upon the wife.

█ True, this being an action of detinue and the instrument showing title coming in collaterally, the defendants had the right to require proof of the execution of same without a sworn plea denying the execution of same, but we think that the plaintiff conformed to the rules of evidence in proving the execution of same by Mrs. Martin. The signature of Martin to the instrument was not questioned, nor was there objection on the part of Mrs. Martin that the execution of the instrument by her was not established by the best evidence; the ground of objection being that the execution as to the wife was "not proven." It was proven, that is, the expert testimony as to the similarity of the two signatures, one of which was not disputed, was sufficient to permit it to go to the jury. Moreover, there was no attesting witness, and the signature of Mrs. Martin being disputed, the testimony of the expert was admissible to show her handwriting. Sections 7705–7707 of the Code of 1923. Again, the suit was not on the contract of sale, and it was only collateral evidence.

█ The trial court did not err in declining to restrain the argument of plaintiff's counsel as to Martin's failure to testify as to the execution or nonexecution of the instrument by his wife. He was a party to the cause and negotiated the loan and delivered the written instrument. Morris v. McClellan, 154 Ala. 639, 45 So. 641, 16 Ann. Cas. 305. The cases upon which appellants' counsel rely relate to the comment upon the failure of one party to produce a witness equally accessible to the other, and not to the failure of a party to the cause to testify.

The other assignments of error, where sufficiently insisted upon in argument, are so manifestly without merit that comment can serve no good purpose.

The judgment of the circuit court is affirmed.

Affirmed.

BROWN, FOSTER, and KNIGHT, JJ., concur.