This is a divorce and child custody case. The husband filed suit for divorce and custody of a 29-month-old daughter, charging adultery of the wife. The wife filed cross-suit for divorce and custody of the child. The judgment granted divorce to the husband upon finding of fact that the wife was guilty of adultery. Custody of the child was granted to the paternal grandparents with visitation periods by the mother to be determined by the grandparents. The wife appeals. We affirm.
There are several issues presented by the appeal; however, it is primarily contended that the evidence was insufficient to establish adultery by the wife and her unfitness to have custody of the child. Our discussion of these two issues will necessarily encompass some of the other stated issues.
There are nearly eight hundred pages of the transcript in this case. We see no value to parties, counsel, or precedent, in stating the testimony in detail. We find that there is ample legal evidence with reasonable inference to support the finding that defendant was guilty of adultery during, at least, the month preceding the filing of the husband's suit for divorce. Such finding, accompanied by the presumption of correctness of the judgment of the trial court after oral hearing, completes the duty of this court in our review of the issue of the insufficiency of the evidence to support the judgment.
Briefly stated, the evidence supportive of the charge of adultery is as follows: Wife was a surgical nurse at the Veterans' Administration Hospital in Birmingham, Alabama; she worked with several other nurses and with physicians who were either residents or interns at the University of Alabama Hospital; she worked a shift usually beginning at 7:00 A.M. and ending at 3:00 P.M.; often she left home at 5:00 to 5:30 A.M., leaving the husband and child sleeping; in February, 1975 wife and another nurse, using the aid and name of a physician friend, surreptitiously leased an apartment near the Medical Center for one year; they shared payment of the rent; in January, 1976 wife, acting alone, renewed the lease for another year, signing the name of the wife of the physician who originally aided in securing the lease; the physician did not know of such act nor did he have a wife at the time; wife brought various personal articles from the apartment she shared with her husband to the leased apartment, including a T.V. set; the husband was unaware of the wife's lease of a second apartment; husband became suspicious of the activities of wife and began to follow her and check on her whereabouts when she left home and left the child in his care; her absences became longer and more often in March of 1976; she purported to be visiting friends in and out of town; one such trip was supposed to be to Huntsville for the weekend, but her car was observed parked near the leased apartment; the odometer reading on her car before and after the trip showed a difference of only 15 miles; husband and an investigator observed her automobile and one of the same make and appearance as that of her alleged lover parked at the apartment; on another occasion wife and a man were observed coming from the apartment and kissing on the walk; the wife and her last alleged lover were found together in the apartment when service of husband's suit was made; when called as a witness by husband and when taking the stand as her own witness, wife repeatedly invoked the privilege of the Fifth Amendment of the U.S. and Alabama Constitutions when questioned as to her activities and sexual relationships with several married physicians; those physicians all claimed the privilege when deposed or appearing on the stand; wife's nurse friends also claimed the privilege when questioned as to their knowledge of her actions. (We are unable to determine how the nurses were entitled to the privilege when they were questioned as to their knowledge concerning the activities of the wife and not their own acts.) Wife admitted smoking marijuana on various occasions including in her home when the child was sleeping. *Page 513 
We reiterate that what we have related is not all the testimony. We have set this small summary out to indicate that there is legal testimony together with inferences reasonably drawn, which fully support the finding of the trier of fact that the wife was guilty of adultery. That finding being supported by legal evidence, this court after full review of the testimony, cannot say the trial court was in error.
The wife contends that the claiming of the privilege against self-incrimination may not be considered against her. She cites criminal cases as precedent. These are not applicable to civil cases. It is the law that the refusal or failure of a party, when present at trial, to testify to a fact in issue is a matter which may be brought to the attention of the trier of fact. Morris v. McClellan, 154 Ala. 639, 45 So. 641 (1908);Trahan v. Cook, 288 Ala. 704, 265 So.2d 125 (1972). It further raises a presumption that it would operate against him.Kirkland v. Kirkland, 236 Ala. 120, 181 So. 96 (1938).
It was said in Morris v. McClellan, supra, as follows:
 "The plaintiff in a civil action has rights as well as the defendant; and one of these rights is to secure evidence to support his cause in court, even to calling upon the defendant as a witness to supply it. It has always been the rule in civil actions that the failure of a party to the suit, when present at the trial, to testify as to a fact in issue, furnished legitimate ground of comment in argument to the jury by the opposite party. The defendant availed himself of his constitutional right of refusal to answer on the ground stated, and he had his benefit and protection from prosecution in exercising his privilege; but he could not expect to extend this privilege to the deprivation of the plaintiff of his right to comment in argument on his silence, no matter upon what ground he might put it." 154 Ala. 639
at 653, 45 So. at 646.
In this case the record does not disclose to what extent, if any, the refusal of defendant to answer numerous questions upon the ground of privilege against self-incrimination was considered by the trial court. The circumstantial evidence against her was sufficiently strong, standing alone, to support the finding of her guilt. So the argument that the court committed prejudicial error in permitting witnesses to be examined repetitively when they were claiming the privilege against self-incrimination is largely moot. As previously stated, we are unable to determine how the witnesses were entitled to privilege in many instances when questioned as to their knowledge of the acts of the wife. The privilege is personal and must be claimed in each instance. Long v. O'Mary,270 Ala. 99, 116 So.2d 563. It is only by presenting the question that the right to privilege may be determined. Exparte Blakey, 240 Ala. 517, 199 So. 857. We find no prejudicial error in regard to the issue of privilege.
The issue of error in awarding the custody of the 29-month-old girl to the paternal grandparents is not easily answered. We recognize the difficulty of the trial court's decision. Though the mother has been guilty of adultery, that is not necessarily determinative of her right to custody of the child. Anonymous v. Anonymous, 277 Ala. 634, 173 So.2d 797
(1965). However, it is a circumstance to be considered in seeking the pole star of the matter — the best interest of the child. In re Brill v. Johnson, 293 Ala. 435, 304 So.2d 595
(1974). This court has, in recent cases, followed the principle enunciated by the line of cases of which Anonymous v.Anonymous, supra is representative. Hubbard v. Hubbard,55 Ala. App. 521, 317 So.2d 489, cert. denied, 294 Ala. 759,317 So.2d 492 (1975); Gould v. Gould, 55 Ala. App. 379,316 So.2d 210, cert. denied, 294 Ala. 757, 316 So.2d 214 (1975). We quickly concede that there is another line of cases decided by the Supreme Court of Alabama of which Hanby v. Hanby, 229 Ala. 527,158 So. 727 (1935) is representative. The principle of those cases is that a finding of adultery of the wife is conclusive as between the parties of her relative unfitness to have the care and custody of the child. Johnson v. Johnson,215 Ala. 487, 111 So. 207 (1927). *Page 514 
It is only possible for a trial court to consider the facts and circumstances in each case and using its experience and best judgment decide what custodian will best serve the present and future welfare of the child. That decision weighs heavily upon the conscience of the court, for there is no guarantee of its absolute correctness. This court in reviewing the decision is not free to substitute its judgment for that of the trial court. Harrell v. Long, 49 Ala. App. 322, 272 So.2d 248 (1973).
It is only after determination that the judgment, in light of the facts, the law and a presumption of correctness, is palpably wrong, that this court has the right and responsibility to reverse. Anonymous v. Anonymous, supra. We must hold in this case that we are unable to make such determination.
Wife presents the action of the court in granting custody of the child to the paternal grandparents when they were not parties to the action as error. We do not agree. This court stated in the case of White v. Appleton, 53 Ala. App. 702,304 So.2d 206 (1974) that it was not necessary for a grandmother to be a party to receive custody. The relationship of the court to the child in a custody action is like no other case. When the jurisdiction of the court is properly invoked, the child immediately becomes the ward of the court. Murphree v. Hanson,197 Ala. 246, 72 So. 437 (1916). It is not a case to be decided by niceties of pleading. Hardy v. Hardy, 250 Ala. 297,34 So.2d 212 (1948). It is the duty of the court to determine the best interest of the child, giving due consideration to the inherent rights of parents. White v. Appleton, supra.
In this case, the court determined that the mother had been shown by the evidence to be morally unfit to have custody of her child. There had been testimony as to the home and character of both sets of grandparents. There had even been inquiry by the court as to the willingness of the grandparents to accept custody. The parties had notice that the court was giving some thought to the custodianship of the grandparents. No material question is presented as to the fitness of the grandparents to have custody.
This court does not endorse nor necessarily approve the involvement of persons in the judgment who were not parties. However, we can see no injury when the party complaining has been determined from the evidence to be personally unfit to have custody and there is evidence of fitness of the grantee of custody before the court.
It is charged that it was error for the court to have conducted in camera interrogation of the grandparents.
The court states in its judgment that it had post-trial conferences with the parents of both parties. There is no other reference to such occurrence in the record. The wife in brief states it was done without consent of the attorneys. The husband in brief states that it was done with consent of wife's counsel. There being no record of impropriety, this court will assume the trial court acted properly.
The court feels that it has already sufficiently discussed the matter raised by wife's issue IV. That is, the finding that the plaintiff sustained the burden of proof by the great weight of the evidence. Such finding by the trial court was not necessary to its judgment. However, if that was its judgment, we discern no error in so stating. It is not the role of this court in reviewing the judgment of a trial court after oral hearing to determine whether such judgment is sustained by the great weight of the evidence. We have previously stated herein that we look only for support of the judgment by credible evidence. Anonymous v. Anonymous, supra. The weight of the evidence is determined by the trial court. Massengale-ManasterPoultry Co. v. Burnett, 284 Ala. 465, 225 So.2d 869 (1969).
Did the court err in its division of property, failing to order support for the child, and failing to award attorney fees to the wife? We hold it did not err in any of those aspects. *Page 515 
The judgment went to great length to specify in detail a division of personal property. There was only personal property of such nature as automobiles, furniture, clothing and wedding gifts. The court attempted to divide these items according to origin as stated by the parties. We find no abuse of the court's discretion. Pettis v. Pettis, 334 So.2d 913
(Ala.Civ.App. 1976).
We know of no mandatory requirement that a court direct payment of child support in every case. There was no testimony as to the failure or denial of support by the father or the need for an order under the custody provisions. The question of support is never closed during the minority of the child.Hutton v. Hutton, 284 Ala. 91, 222 So.2d 348 (1969). Should the need for an order be shown to the court, it may take appropriate action. Donald v. Donald, 50 Ala. App. 9,276 So.2d 436 (1973).
The evidence shows that the wife is employed and earns as much or more than the husband. The matter of attorney's fee for the wife is for the discretion of the trial court. Huggins v.Huggins, 57 Ala. App. 691, 331 So.2d 704 (1976). The judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.