# Banks v. The State.

*Indictment for Living in Adultery or Fornication.*

1. *Adultery.*—To constitute adultery one, at least, of the persons cohabiting must at the time be married.

2. *Same; cohabitation after marriage; proof of nullity of alleged former marriage of one of the parties.*—On the trial of a woman for living in adultery, where there is evidence tending to show that she was married to the man prior to their cohabitation, and also evidence tending to show that this marriage was void because the man had at the time a living wife from whom he had not been divorced, it is

[Banks v. The State.]

competent for the defendant to prove that the woman had at the time of her alleged marriage to the man a lawful husband who was still living, to show the nullity of the man's alleged former marriage.

3. *Same; knowledge of former marriage; burden of proof.*—When a woman cohabits with a man after marriage to him she is not guilty of adultery, though he is already married, unless she knows that fact; and on a trial of the woman for adultery, where there is evidence tending to show that her cohabitation with the man followed a *prima facie* valid marriage between them, the burden is upon the State to prove that she knew that the man already had a living wife.

APPEAL from the Criminal Court of Pike.

Tried before the Hon. WILLIAM H. PARKS.

The indictment in this case charged the appellant, Julia Ann Banks, with living in a state of adultery or fornication with John Phillips.

The evidence for the State tended to show that the appellant and John Phillips cohabited together, and that prior to such cohabitation John Phillips had been married to another woman, one Emma Perry, who was still living. There was evidence tending to show a marriage between John Phillips and the appellant prior to their cohabitation. John Phillips was introduced as a witness for the defendant, and was asked by the defendant whether Emma Perry had a husband before he, the witness, was married to the said Emma Perry, and if so, was he alive at the time of the marriage of the witness to the defendant. The State objected to the question, the court sustained the objection, and the defendant excepted.

In the course of its general charge, the court instructed the jury, that "a living together of a man and woman openly and notoriously as husband and wife, who were not legally married, would constitute adultery in the meaning of the law." To this portion of the charge the defendant excepted. The defendant requested the following written charges, and separately excepted to the refusal of the court to give each of them asked: (1.) "Unless the evidence convinces the jury beyond a reasonable doubt, and to a moral certainty, that the defendant knew that John Phillips had a living wife at the time she, defendant, is charged with having lived in adultery with John Phillips, then they should acquit the defendant." (2.) "There must be evidence before the jury disclosing as a fact that Julia Ann Banks had knowledge of John Phillips' former marriage, and that he (John Phillips) had a living wife at the time she is charged with having lived in adultery with the said John Phillips, or it is their duty to acquit."

[Banks v. The State.]

D. A. Baker, for the appellant.

Wm. L. Martin, Attorney General, for the State.

WALKER, J.—There was evidence tending to show that the appellant and John Phillips were married to each other prior to their cohabitation. It was contended for the State that this marriage was void because John Phillips had, at the time, a living wife, one Emma Perry, from whom he had not been divorced. His alleged marriage with Emma Perry was itself a nullity, if it was contracted when Emma Perry had a living husband from whom she had not been divorced. It was competent for the appellant, in support of the validity of her marriage to John Phillips, to show that his alleged former marriage to Emma Perry was a nullity, as the latter already had another living husband. The court erred in refusing to admit proof of Emma Perry's former marriage, and that her lawful husband was still living.

It is essential to adultery that one of the parties, at least, is at the time a married person. When both of the parties are at the time unmarried, their unlawful carnal knowledge of each other is fornication. The definition of adultery given in the general charge of the court is erroneous.— *Buchanan v. State*, 55 Ala. 154.

If the appellant cohabited with John Phillips only after she was married to him, she was not guilty of living with him in adultery or fornication, unless she knew that he already had a living wife. In such case, the burden is upon the State to prove that she had such knowledge. Without such knowledge she did not have a criminal intent in cohabiting with John Phillips, if she had contracted a marriage with him which would have been valid but for his former marriage. The ruling of the court on this subject was erroneous.— *Vaughan v. State*, 83 Ala 55. This burden is cast upon the State only when there is evidence tending to show that the cohabitation of the parties charged with adultery or fornication followed a *prima facie* valid marriage between them.

Reversed and remanded.