SOPHRONIA W. MATHEWSON *vs.* LUTHER W. MATHEWSON.

A divorce will not be granted when it appears that the petitioner, although otherwise entitled to a decree, has been guilty of conduct which is cause for divorce.

In 1861, the petitioner was deserted by her husband, the respondent, who entered the military service of the United States. Shortly after leaving, the respondent wrote once or twice to the petitioner who heard nothing more from him for twenty-seven years. The respondent was commonly reported to have been killed in the war, and the petitioner, in 1872, believing him to be dead, intermarried with one Place, with whom she lived as his wife until August, 1892. In 1888 the respondent returned with another woman whom he had married and several children, which fact came to the petitioner's knowledge in January, 1890. But the petitioner continued to live with Place until August, 1892, when she ceased to cohabit with him, and preferred her petition against the respondent for a divorce from bed and board, and for separate maintenance.

*Held*, that the petitioner by continuing to cohabit with Place after she knew that the respondent was alive, had herself been guilty of conduct for which divorces are allowed, and, therefore, was not entitled to a decree.

PETITION for a divorce from bed and board and for separate maintenance.

*January* 23, 1894. TILLINGHAST, J. This is a petition for divorce from bed and board and for separate maintenance, on the grounds of desertion, neglect to support, and adultery. The parties were married October 2, 1853, and lived together until 1861, when the respondent deserted the petitioner, telling her he was going away on business, and entered the service of the United States as a soldier. He wrote to her once or twice shortly after leaving, after which she heard nothing from him directly for twenty-seven years, but it was commonly reported that he was killed in the army during the late civil war, and the petitioner, supposing that he was dead, remarried in 1872 to one James M. Place, with whom she lived as his wife until August, 1892. About five years ago the respondent returned with another wife and several children, and the petitioner became aware of this fact as early as January, 1890, when she saw him and had a talk with him. She also saw and consulted with an attorney of this court, as to her relations with said Place about two years ago, shortly after which she ceased to cohabit with him and filed this petition for divorce. In this state of the proof, the respondents' counsel contends that the divorce should not be granted as it appears that the petitioner was herself guilty of adultery, or at any rate of such gross misconduct and wickedness repugnant to and in violation of the marriage

covenant under which she is now seeking relief, as to bar her from asserting any claim against her husband.

The petitioner was perhaps justifiable in contracting said second marriage, her husband being presumptively dead, and as she believed and had reason to believe, dead in fact. As soon as it came to her knowledge, however, that he was living, if she intended to claim her conjugal rights, she should have immediately ceased cohabitation with her second husband, her marriage with him not being voidable merely, but absolutely void. Pub. Stat. R. I. cap. 163, § 5.[1] She was only justified, therefore, in living with Place during the continuance of her belief that the respondent was dead. By continuing to live with him after the return of the respondent, she certainly forfeited all legal claim to the support of the latter, if indeed she did not thereby commit the crime of adultery; (1 Bishop on Marriage, Divorce & Separation, § 1511); and hence is in no position to complain of the wrongs committed by him. She alleges, as does every petitioner for divorce, that ever since her marriage with the respondent, she has "on her part demeaned herself as a faithful wife, and performed all the obligations of the marriage covenant," while her own testimony shows that she has grossly violated the same, and, therefore, that she does not come into court with clean hands as the law requires. But on the other hand, the proof shows that, had the respondent been himself free from legal fault at the time of the commencement of this suit, he would have had a good and sufficient ground for divorce against the petitioner. It appearing, then, that the petitioner, whether equally guilty with the respondent or not, has been guilty of conduct which would be a sufficient ground for divorce, she is not entitled to the relief prayed for in her petition. 5 Amer. & Eng.

---

[1] Sec. 5. All marriages when either of the parties have a former wife or husband living at the time of such marriage, or where either of them shall be an idiot or lunatic at the time of such marriage, shall be absolutely void; and no dower shall be assigned to any widow in consequence of such marriage, and the issue shall be deemed illegitimate and be subject to all the disabilities of such issue.

Encyc. Law, 824, and cases cited in note 10; *Church* v. *Church*, 16 R. I. 667; 2 Bishop on Marriage, Divorce & Separation, § 349; Browne on Divorce & Alimony, 84.

For circumstances that would excuse cohabitation with a second husband, while the first marriage was still subsisting, see *Pratt* v. *Pratt*, 157 Mass. 503.

*Petition denied and dismissed.*