196 So.2d 375

Carmella **COLOTTI**

v.

Dominic A. **COLOTTI.**

6 Div. 170.

Supreme Court of Alabama.

March 9, 1967.

Adams & Adams, Birmingham, for appellant.

Guin, Guin & Cleere, Russellville, for appellee.

COLEMAN, Justice.

The wife appeals from decree of the circuit court, in equity, granting divorce to the husband on a bill of complaint in which he charged the wife with cruelty and voluntary abandonment.

The wife, in her answer, denied the charges and alleged that the husband, since the separation, has lived in adultery with one J.

The wife says the court erred in rendering the decree for two reasons. First, she says the decree should be reversed because the evidence is not sufficient to support the charge of cruelty. There is testimony in the record which, if believed by the court, is sufficient to support that charge and the wife's first contention is without merit.

Second, the wife says that even if the evidence be sufficient to support the charge of cruelty or abandonment, or both, against her, nevertheless, the court erred in finding that the husband was not guilty of adultery which bars his right to divorce.

The husband says the court was justified in finding that the husband was not guilty of adultery and in not applying the doctrine of recrimination against him.

The court found that the act of the husband in marrying and living with J was in the belief that he was legally divorced from the wife and that, because of that fact, the doctrine of recrimination relied on by the wife fails.

Husband and wife married each other in 1941. They separated in August, 1960. They signed a separation agreement which recites that it was signed on the day of its date, November 4, 1960. The husband testified that it bore his signature and also the signature of the wife and was entered into on November 4, 1960. In this agreement, the husband is described as "residing in the City of Rochester, County of Monroe and State of New York," and the wife as "residing in the Town of Webster, County of Monroe and State of New York." The agreement was introduced into evidence by the husband.

The husband testified that, sometime in November of 1960, he came to Alabama and obtained a divorce.

The separation agreement contains provisions whereby the parties agreed to sell property, owned by them as tenants by the entirety, located at 818 Hard Road, Webster, New York. Provisions of the agreement state how the proceeds of sale shall be divided between them, and that the wife "may remove any personal property and furniture now located in said premises."

The husband introduced into evidence a file from the Marion County, Alabama, Superior Court, In Equity, in Case No. 2850. This file contains a bill of complaint filed, by the husband against the wife, November 4, 1960, wherein the husband alleges that he "is a bona fide resident citizen of the State of Alabama," and that the wife is a nonresident of the State of Alabama. In this bill of complaint, the husband charges the wife with cruelty.

The file contains an answer filed by the wife November 5, 1960. The answer purports to bear the signature of the wife and her attorney. In the answer, the wife admits that the husband is a bona fide resident of the State of Alabama.

The file contains a decree dissolving the bonds of matrimony between husband and wife. The divorce decree is dated November 8, 1960.

On April 10, 1961, in Case No. 2850, the wife filed a paper entitled Original Bill in the Nature of a Bill of Review. This bill is marked filed April 10, 1961. The husband, in supplemental brief, contends that the filing date should be July 10, 1961. If the date shown by the record be in error, the husband, before submission, should have sought certiorari to correct it. We do not think, however, that the error in the filing date, if any, is of any substantial significance on this appeal.

In the bill filed April 10, 1961, the wife alleged that neither she nor the husband were residents of Alabama before or after November 8, 1960, and prayed that the divorce decree rendered on that day be set aside and held for naught. She also alleged that she lacked mental capacity when she executed the papers originally filed in the cause. She made affidavit that the husband was a nonresident of Alabama and that his address was "200 5th One New York, New York." An affidavit was filed later giving his address at a place in Rochester, New York. Service on the husband by registered mail was attempted, but the record does not disclose that he ever received such notice. Constructive service on the husband was made by publication in a newspaper in Marion

County, Alabama. Decree pro confesso was rendered against the husband.

On May 10, 1962, the Marion County Superior Court rendered a decree which set aside the decree of divorce rendered November 8, 1960, and declared that decree to be void.

In the meantime, in June, 1961, the husband had married J. He contends that, at the time he married J, he had no notice or knowledge that the divorce decree of November 8, 1960, had been attacked or that he was not divorced from the wife by a valid decree. He contends that the wife, in the bill filed April 10, 1961, fraudulently failed to ascertain and state his correct address when she could have done so, and that the wife fraudulently concealed from him any notice of the proceedings which culminated in the decree setting aside the divorce decree.

On April 1, 1963, the husband filed, in the Marion County Superior Court, in Case No. 2850, a petition alleging that the wife, in the bill and affidavits filed in 1961, had fraudulently failed to state the husband's correct address and so withheld from him notice of the proceedings to set aside the divorce decree. On May 21, 1964, the husband filed a motion to dismiss his petition filed April 1, 1963, and on May 21, 1964, the court dismissed his petition.

We note that all the proceedings up to May 21, 1964, were had in the Marion County Superior Court, In Equity. On May 23, 1964, the husband filed his bill of complaint in the instant case in the Circuit Court of Marion County, Alabama, In Equity. Testimony ore tenus was heard July 13, 1964.

The husband testified that he had lived in Hamilton, Alabama, at a hotel, since May 20, 1964; that he had lived in Mobile, Alabama, until he moved to Hamilton; that he had been living in Mobile since

May 23, 1963; that before he came to Mobile, he had lived in Minneapolis; and that he went to Minneapolis from New York.

The husband further testified that J was in Minneapolis so far as he knew; that she went there "A couple of weeks ago"; that he and J had lived together "as husband and wife" since they married up until several weeks ago; that he lived with J and they slept together "until my residency here"; that he had sexual intercourse with J many times since their marriage and up until they separated. We understand the husband to testify that he continued having sexual intercourse with J from June, 1961, until May 20, 1964.

The husband says he is not guilty of adultery because, at the time he married J, he believed, in good faith, that he had been legally divorced from the wife, citing Chisholm v. Chisholm, 105 Fla. 402, 141 So. 302, and Harmon v. Harmon, 245 N.C. 83, 95 S.E.2d 355, 63 A.L.R.2d 808.

In *Chisholm,* a wife was divorced from her husband. She married another man and divorced him. The separation from the second husband occurred before the decision on appeal holding the divorce decree void. The Supreme Court of Florida held that the wife was not guilty of such adultery as would preclude her from maintaining a suit for divorce. The court said " . . . . she quickly relieved herself of the undesirable situation, presumably upon discovering the questionable legality of it, and then, when free from it, brought the present suit . . . ." (141 So. at page 303) In the instant case, the husband on April 1, 1963, filed his petition, signed and sworn to by him, in which he stated that the decree setting aside the divorce decree had been rendered May 10, 1962. By his petition and oath, the husband shows that as early as April 1, 1963, he knew that his divorce decree had been declared void, yet, for thirteen months

thereafter, by his own testimony, he continued living with J. He is not in the position of the wife in *Chisholm*.

In *Harmon*, divorce decree was rendered April 26, 1955. The husband married a third party July 23, 1955. On August 29, 1955, the first wife filed a motion to vacate the divorce decree. The husband and second wife separated February 9, 1956. On February 10, 1956, the court set aside the divorce decree. The Supreme Court of North Carolina held that the conduct of the husband did not bar his right to divorce in subsequent proceedings. The court quoted from Am.Jur., that cohabitation pursuant to the second marriage after the divorce decree is set aside constitutes adultery, even though the second marriage was contracted in reliance on the validity of the divorce decree. See 24 Am.Jur.2d 199, Divorce and Separation, § 25; Mathewson v. Mathewson, 18 R.I. 456, 28 A. 801; State v. Watson, 20 R.I. 354, 39 A. 193; State v. Whitcomb, 52 Iowa 85, 2 N.W. 970.

In the case at bar, the decree of May 10, 1962, set aside the divorce decree. The May 1962 decree still stands. It does not appear to be void on its face. The husband attacked it in April, 1963, but he abandoned that attack. As we hereinafter undertake to show, the husband in the instant suit affirms the validity of the May 1962 decree. Because he continued to cohabit with J, as he testified, for thirteen months after he knew that the divorce decree had been declared void, we are of opinion that he cannot say that his cohabitation with J, after April 1, 1963, was in the belief, in good faith, that he had been divorced from the wife.

■ We are of opinion that the husband cannot avoid the penalty of recrimination on the ground that he married J under the bona fide belief that he had been divorced from the wife by a valid decree. We have not found any allegation or testi-

mony by the husband as to when he first learned that the divorce decree had been set aside. As we have shown, however, his own petition and testimony show that he continued to live with J for thirteen months after he had knowledge that the divorce decree had been declared void by the court which had rendered the decree.

The husband says that the decree of May 10, 1962, setting aside the divorce, is itself void as disclosed by the file in Case No. 2850 already mentioned. We do not think that the decree of May 10, 1962, is void on its face. Neither do we think that it is shown to be void by extrinsic evidence in the instant record. If, however, it be conceded arguendo that the May 1962 decree is shown to be void by extrinsic evidence, we are faced also with the extrinsic evidence which affects the divorce decree of November 8, 1960. The wife has consistently contended, since April 10, 1961, that the divorce decree is void because the court rendering that decree did not have jurisdiction of the res, the marital status of the parties.

■■ Unless the marital status is before the court, the court cannot act on that status. Where both parties to a divorce action do not reside within this state, the marriage relation is without the state and jurisdiction cannot be acquired by courts of this state even by consent of the parties. Hartigan v. Hartigan, 272 Ala. 67, 72, 128 So.2d 725.

If, on the insistence of the husband, we are to hold the May 10, 1962, decree void on the basis of extrinsic evidence, then on the insistence of the wife, we must hold that the 1960 divorce decree is also void on the basis of extrinsic evidence. Both parties should be given the same application of the same rule.

We turn briefly to extrinsic evidence in the instant record which affects the validity of the divorce decree. The descriptions of residence in separation agreement of November 4, 1960; the husband's testimony

that he came to Alabama in November, 1960, and obtained a divorce; and his testimony that he came to Mobile in 1963, and that before he came to Mobile he lived in Minneapolis is some of the extrinsic evidence to which we refer. We would be incredibly naive if we believed that either husband or wife had domicile in Alabama in November 1960. The extrinsic evidence compels the conclusion that no Alabama court had jurisdiction of the marital status of these parties when the divorce was granted in 1960. It follows that the husband can gain nothing by urging that the May 10, 1962, decree is void on the basis of evidence extrinsic to the record in that case. On the basis of evidence extrinsic to the record, the divorce decree is also void and the husband is still not shown to be divorced from the wife.

■ We are not to be understood as holding that, in the instant suit, the wife is entitled to attack the 1960 divorce decree or that the husband is entitled to attack the 1962 decree. His argument does attack the 1962 decree and we have merely considered arguendo what the result will be if he should be permitted to challenge the validity of the 1962 decree.

■ Apart from this question of extrinsic evidence, there is another independent reason why the husband cannot say that the May 10, 1962, decree is void. In 1891, in considering the validity of a legislative act divorcing the husband from the wife, which act had been enacted prior to the institution of a suit for divorce brought by the wife against the husband, this court, with reference to the legislative act, said: " . . . . If that act was valid, no divorce could be decreed in this case, as the bonds of matrimony had already been dissolved when the bill was filed. . . " Jones v. Jones, 95 Ala. 443, 447, 11 So. 11, 18 L.R.A. 95. So, if, as the husband argues alternatively, " . . . . the decree setting aside the original decree of divorce was totally void, which of course means

that the original decree has never been set aside . . . . ," then the November 8, 1960, divorce decree granted to the husband stands and he was already divorced from the wife when he filed the instant bill for divorce May 23, 1964. If he was already divorced, he cannot get another decree of divorce which he asked for and which the court gave him in the case at bar.

The husband's last argument is to the effect that, under the view that recrimination is a discretionary or qualified defense, or under the doctrine of comparative rectitude, we ought to affirm the decree appealed from. Those arguments have been accepted in some states by judicial decision. Stewart v. Stewart, 158 Fla. 326, 29 So. 2d 247, 170 A.L.R. 1073. In other states, the legislature has enacted statutes modifying the doctrine of recrimination. Herrick v. Herrick, 55 Nev. 59, 25 P.2d 378; especially as to the ground of separation for a stated term of years, Sitterson v. Sitterson, 191 N.C. 319, 131 S.E. 641, 51 A.L.R. 760.

■ The following is a succinct statement of the doctrine of recrimination. Where each of the spouses has been guilty of misconduct which is cause for divorce, neither is entitled to the remedy. Blankenship v. Blankenship, 51 Nev. 356, 276 P. 9, 63 A.L.R. 1127.

In Ribet v. Ribet, 39 Ala. 348, where the proof established the adultery of one spouse and the cruelty of the other, this court affirmed decrees denying divorce to either spouse. This rule of law has been consistently followed by this court ever since. Mason v. Mason, 276 Ala. 265, 160 So.2d 881. Under this rule, divorce must be denied in the instant case.

■ If the doctrine of recrimination in divorce suits is to be changed in this state, the law must be changed, and that is a matter committed to the legislature. Constitution of 1901, Sections 43 and 44.

We are of opinion that the court erred in not finding the husband guilty of recrimination and also in granting him a divorce. On this record, divorce should be denied and the bill of complaint dismissed. The decree appealed from is reversed and the cause is remanded with directions that such a decree be entered. § 810, Title 7, Code 1940.

Reversed and remanded with directions.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.