258 So.2d 907

**Kathleen CHAMPION**

v.

**Eugene P. CHAMPION.**

**8 Div. 54.**

Court of Civil Appeals of Alabama.

March 1, 1972.

Roy D. McCord and J. A. Hornsby, Gadsden, for appellant.

No brief for appellee.

BRADLEY, Judge.

The appeal to this court is from a decree of the trial court denying a divorce to either party because of their misconduct.

Appellant sued appellee for divorce on the ground of cruelty; appellee countered by filing a cross-bill seeking a divorce on the grounds of voluntary abandonment, cruelty and adultery.

The trial court found that appellee had been guilty of cruelty and that appellant had been guilty of adultery, and because of the misconduct on the part of each party, the trial court, pursuant to the doctrine of recrimination, refused to grant a divorce to either party. Colotti v. Colotti, 280 Ala. 525, 196 So.2d 375.

The evidence tended to show that appellee had struck the appellant with his hand, and on another occasion threatened her with a knife.

It was also shown by appellant's brother-in-law, although appellant denied it, that appellant and her brother-in-law had sexual intercourse on several occasions while she was married to appellee. The testimony was that this occurred some fifteen to eighteen years prior to the last separation of the parties.

The evidence further showed that appellee had no knowledge of his wife's infidelity until after the last separation.

**566**

Title 34, Section 26, Code of Alabama 1940, as Recompiled 1958, provides, in part, as follows:

"Cases in which divorces are to be refused.—No decree can be rendered on the confession of the parties, or either of them; . . . or where there has been a condonation of adultery by the admission of the offending party to conjugal embraces, after knowledge of the commission of the crime; . . . "

Appellant, in the present case, contends that appellee condoned the instances of adultery by living with her as man and wife for the past fifteen years.

But, the trial court found, and there is evidence to support its finding, that the appellee had no knowledge of his wife's infidelity until after the last separation, and, therefore, there could be no condonation.

The Supreme Court in Cunningham v. Cunningham, 278 Ala. 90, 176 So.2d 22, quotes, apparently with approval, the following from 17 Am.Jur., Divorce and Separation:

"§ 231. Knowledge of Offenses Condoned.—One of the essential elements of condonation is knowledge on the part of the forgiving spouse, either actual or presumed, of the offense alleged to have been forgiven or condoned. This principle arises out of the nature of condonation itself, for a forgiveness of an offense necessarily implies a knowledge of the offense forgiven. . . . "

The trial court found that the appellee had no knowledge of his wife's adultery until after they separated, hence he could not have condoned the misconduct; therefore, both parties being guilty of conduct sufficient to warrant a divorce, neither is entitled to a divorce. Maddox v. Maddox, 281 Ala. 209, 201 So.2d 47; Bryan v. Bryan, 271 Ala. 625, 126 So.2d 484.

The decree of the trial court is correct and is due to be affirmed.

Affirmed.