201 So.2d 47

**Shirley D. MADDOX**

v.

**Kenneth E. MADDOX.**

**6 Div. 433.**

Supreme Court of Alabama.

June 29, 1967.

Bland & Bland, Cullman, for appellee.

. Jas. F. Berry and Fred C. Folsom, Cullman, for appellant.

LAWSON, Justice.

. The appellant, Shirley D. Maddox, filed suit in the Circuit Court of Cullman County, in Equity, against Kenneth E. Maddox, her · husband, seeking a divorce on the grounds of cruelty and habitual drunken-

ness. She further prayed for the custody and control of the two minor children of the parties, a girl seven years of age and a boy four years of age. Complainant also prayed that the respondent husband be required to pay to her a reasonable sum for the support of the said minor children; that she be awarded all the household furnishings and furniture located in the home which the parties jointly own, and that she be awarded the temporary possession of the house during the minority of the children. There was also a prayer that the respondent be required to pay a reasonable fee for complainant's attorney.

Appellee, the husband, answered and denied the charges of cruelty and habitual drunkenness. Appellee also filed a cross-bill wherein he prayed for a divorce on the ground of adultery on the part of the complainant, cross-respondent. Appellee in his said cross-bill also prayed that the care and custody of the minor children be awarded to him and in the alternative that if the title to the home was not awarded to him that he be permitted to use the home for himself and the minor children; that he be awarded the full title to all household furniture, appliances and fixtures belonging to the parties or that he be awarded the use of the said furniture, appliances and fixtures.

Complainant-cross respondent filed an answer to the cross-bill wherein she denied all of its material averments.

The trial court rendered a decree denying all of the relief prayed for in the wife's bill of complaint and granted the husband, the respondent-cross complainant, an absolute divorce on the ground of adultery on the part of the complainant-cross respondent. The custody of the minor children was awarded to the parents of the husband, the respondent-cross complainant. Visitation rights were given to both the father and mother. No provision was made in the decree for the support of the minor children, that question being reserved for future determination and, likewise, the trial court made no disposition of the jointly owned home of the parties or the personal property located therein. No attorney's fee was awarded.

From that decree the complainant-cross respondent (the wife) has appealed to this court.

The appellant argues her assignment of error to the effect that the trial court erred in awarding appellee a divorce on the ground of adultery.

The threshold question as to this assertion by appellant is whether or not a deposition of one Reggie Wix, introduced in evidence by appellee, can be used to sustain the trial court's finding of adultery on the part of the wife since there was no note of submission filed in the cause.

The deposition was taken under the provisions of Act 375, approved September 8, 1955, Acts of Alabama 1955, Vol. II, p. 901, which provisions were made applicable to equity cases by Act 138, approved May 9, 1963, Acts of Alabama 1963, Vol. I, p. 323. See §§ 474(1)–474(18), Title 7, 1958 Recompiled Code of Alabama, and § 474(19), Title 7, 1965 Cum. Pocket Part, 1958 Recompiled Code, supra.

■ The deposition, under the provisions of the Acts last cited above, was admissible in evidence. But insofar as we can determine, neither of those Acts purports to relieve the party producing the deposition from complying with the provisions of Equity Rule 57, as amended by Act 347, approved July 6, 1945, Acts of Alabama 1945, p. 563 (Equity Rule 57, Title 7, 1958 Recompiled Code of Alabama). Equity Rule 57 as so amended reads:

"A note of submission, signed by each party to the submission or his attorney of record, showing the proof upon which he rests his case, shall be filed by the register at the time of the submission for a final decree; and nothing not noted on the note of submission shall be considered by the court. *But it is not nec-*

*essary to note any testimony given orally before the judge in open court under Rule 56.* If in any case it becomes impractical for such note of submission to be signed as above required, the register may make out and sign the note." (Emphasis supplied)

Since there was no note of submission, the deposition of Reggie Wix taken before the deputy register will not be considered. See Campbell v. Rice, 244 Ala. 144, 12 So.2d 385.

The appellant, the wife, says the trial court erred in awarding the appellee a divorce for two reasons. First, she says the decree in that respect should be reversed because the evidence is not sufficient to support the charge of adultery. Second, the wife says that even if the evidence be sufficient to support the charge of adultery against her, the court erred in finding that the appellee, the husband, was not guilty of cruelty which bars his right to a divorce under the doctrine of recrimination.

■ The burden was on the husband, appellee, to prove the ground of divorce alleged in his cross-bill by competent and legal evidence (Burdette v. Burdette, 245 Ala. 26, 15 So.2d 727; Pittman v. Pittman, 246 Ala. 163, 19 So.2d 723; Hendrix v. Hendrix, 250 Ala. 309, 34 So.2d 214) and as to the specific ground alleged, adultery, the proof must be such as to create more than a mere suspicion, but be sufficient to lead the guarded discretion of a reasonable and just mind to the conclusion of adultery as a necessary inference Hendrix v. Hendrix, supra; Brown v. Brown, 229 Ala. 471, 158 So. 311; Pitchford v. Pitchford, 222 Ala. 612, 133 So. 718; White v. White, 278 Ala. 682, 180 So.2d 277.

As we understand the testimony, the appellant and appellee separated on or about May 14, 1966. Appellant's original bill was filed on May 16, 1966.

■ On the cross-examination of appellant, the wife, counsel for appellee questioned her at length relative to an incident which occurred in October, 1959, while she was still in the employ of Cullman Lingerie. Appellant was apparently a member of a union and she and a friend, a Mrs. Patterson, attended a union convention in Mobile for three days. Early on the morning after their return from Mobile the appellant drove Mrs. Patterson to a motel in Cullman, where they entered a room occupied by an unidentified male union official. The purpose of the visit was union business and the two women remained in the room not over ten minutes. Certain it is that the foregoing admissions made by appellant on cross-examination are not sufficient to justify a finding that appellant on that occasion committed an act of adultery. No other evidence was adduced concerning that incident. All other questions aside, it is unbelievable that two women, unless they were wholly devoid of character and a sense of ordinary decency, went to a man's room and shared his embrace in common, or that one permitted it in the presence and to the knowledge of the other. See Pitchford v. Pitchford, supra.

■ The only other testimony upon which appellee can rely to support his charge of adultery came from one Jack Barbee, who admitted that he was a close friend of appellee, the husband, but knew appellant "just by seeing her." He stated that in the early part of December, 1964, he was en route from Cullman to Decatur when he saw appellant stop her car at a point near Hurricane Creek north of Cullman. At that point a car occupied by a man was also stopped. The car occupied by appellant and that occupied by the man then proceeded to Falkville, from which point they travelled toward Decatur in one car. He saw appellant and the man enter the door of a motel in Decatur. He remained in Decatur about an hour and on his return trip to Cullman he drove through the driveway of the motel and the car which had been occupied by appellant and the man was still at the motel. Appellant

stated in effect that Barbee's testimony was in all respects untrue.

The able and experienced counsel for appellee have cited no case in which the facts were even remotely similar to those summarized in the preceding paragraph in which this court has upheld a divorce on the ground of adultery.

We are of the opinion that Barbee's testimony is wholly insufficient under our authorities to prove adultery. Gardner v. Gardner, 248 Ala. 508, 28 So.2d 559; Pitchford v. Pitchford, supra; Le May v. Le May, 205 Ala. 694, 89 So. 49; Scott v. Scott, 215 Ala. 684, 112 So. 218; Brown v. Brown, supra; Windham v. Windham, 234 Ala. 309, 174 So. 500; Hilley v. Hilley, 275 Ala. 617, 157 So.2d 215; White v. White, supra.

■ We recognize the long-standing rule of presumption in favor of the correctness of the trial court's findings in a case where the evidence is taken in the presence of the court. But in this case we are clear to the conclusion that the trial court's finding that the evidence showed that appellant was guilty of the charge of adultery is plainly and palpably wrong. In several of the cases last cited above the testimony was taken in the presence of the trial court; nevertheless we reversed.

■ Even if we had concluded that the evidence was sufficient to support a finding that the wife, appellant, had committed adultery, we would be constrained to reverse the decree of the trial court awarding a divorce to the husband, appellee, on that ground. The rule is well established in this state that if the conduct of both parties has been such as to furnish grounds for divorce, neither is entitled to relief or, as otherwise expressed, if both parties have a right to a divorce, neither of the parties has. Bryan v. Bryan, 271 Ala. 625, 126 So.2d 484, and cases cited. This doctrine of recrimination was recently discussed and reaffirmed in Colotti v. Colotti, 280 Ala.Sup. 525, 196 So.2d 375.

We will not discuss in detail the evidence as it relates to the appellant's charge of cruelty on the part of her husband. It is without dispute in the evidence that in the early hours of the morning of May 14, 1966, the appellee hit appellant across her back and arms with a broom, and when appellant telephoned appellee from the home of friends where she had taken refuge, appellee told her that if she "wasn't home in five minutes that he was going to blow my brains out and kill me." Friends then drove appellant to the home of the parties. When she arrived at the home, she did not see appellee but she heard the "report" of a gun. She again had to take refuge in the home of friends. The separation followed these incidents.

The husband, appellee, did not testify and no witness called on his behalf contradicted in any material respect the testimony of appellant concerning appellee's acts of cruelty on the occasion referred to above.

It is the well-settled rule in this state that in determining who should have the custody of the children, the best interests and welfare of the child or children should be the controlling and paramount inquiry. Chamblee v. Chamblee, 255 Ala. 35, 49 So.2d 917.

■ A careful examination of the entire evidence convinces us that the welfare of the minors involved in this cause will be subserved in committing their custody and control to their mother, the appellant, pending further proceedings.

Under all of the circumstances of this case, we do not think a decree should be rendered here awarding appellant a divorce on the ground of cruelty. In fact, no such insistence is contained in the brief filed here on behalf of appellant.

The decree of the trial court is reversed insofar as it grants appellee a divorce on the ground of adultery and insofar as it awards the custody of the minor children

of the parties to their paternal grandparents.

The decree is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.