This is a divorce case.
Appellee-wife filed suit on August 10, 1971, in the Circuit Court of Mobile County, seeking a divorce on grounds of physical cruelty and adultery.
Trial was commenced and testimony heard in February 1973. At the conclusion of the testimony, the court took the matter under submission and on July 23, 1976, entered the decree of divorce. Appellant-husband appeals.
The dispositive issue on appeal is whether the grounds of the divorce, i.e., physical cruelty and/or adultery, is supported by sufficient evidence.
At the outset, we note that this court always follows the principle that it is our duty to affirm the decree of the trial court who heard and saw the witnesses, when such decree is fairly supported by the evidence. See Dunlavy v. Dunlavy,283 Ala. 303, 216 So.2d 281 (1968).
As noted above, the wife in her complaint alleged adultery and physical violence as her grounds for divorce.
When physical cruelty is the ground for divorce, the law in Alabama is settled that not every occurrence of actual violence constitutes a ground for divorce. It is only actual violence, or threats inducing the reasonable *Page 276 
apprehension of violence, of a degree attended with danger to life or health that is a ground for divorce. See McDowell v.McDowell, 284 Ala. 158, 223 So.2d 277 (1969); Stairs v. Stairs,283 Ala. 263, 215 So.2d 591 (1968).
The courts in Alabama have also stated that the act of the husband in slapping or hitting the wife, standing alone, does not warrant a dissolution of the marital relationship, especially when the parties have continued to live together as man and wife. See Rudicell v. Rudicell, 262 Ala. 41,77 So.2d 339 (1955); Hammon v. Hammon, 254 Ala. 287, 48 So.2d 202
(1950).
In the present case, the wife testified that the appellant-husband struck her at least once during their marriage. However, the wife testified that the incident[s] occurred at least ten years prior to the separation and, further, that the separation did not arise because the husband had slapped her. The record also reveals that the couple had three children after the incident[s] occurred. This is the only testimony regarding physical cruelty against the wife.
This act of violence committed more than ten years before the separation, during which time the parties lived together as man and wife and bore three children, could not warrant a dissolution of the marital relationship. See McDowell v.McDowell, supra; Rudicell v. Rudicell, supra; Hammon v. Hammon,supra.
The evidence therefore does not support a finding of physical violence sufficient to constitute a ground for divorce.
As noted above, the wife further alleged adultery as a ground for divorce. The evidence presented in support of this consisted of a "love letter" sent to the husband by another woman which had somehow been intercepted by the wife. The husband could not recall having seen the letter before and denied getting any other letters from her. The husband further denied having an affair with her or any other woman.
This court stated in Hubbard v. Hubbard, 55 Ala. App. 521,317 So.2d 489 (1975), that the proof to support the charge of adultery must be such as to create more than a suspicion. It must be sufficiently strong to lead the guarded discretion of a reasonable and just mind to the conclusion of adultery as a necessary inference.
In this case, the only evidence of adultery presented was the "love letter." There was no other evidence presented which would even infer that the husband had committed adultery. The letter does not show any adultery between the husband and another woman or even furnish any circumstantial evidence which would indicate an act of adultery between them. As we consider the evidence, there is presented nothing more than suspicion and mere speculation in support of the act of adultery.
As noted in Hubbard v. Hubbard, supra, the mere fact of suspicion and speculation as to acts of adultery is not sufficient to constitute a ground for divorce. There must be evidence presented which would lead to a necessary inference of adultery. There has been no evidence presented here which would raise such a necessary inference. Therefore, the evidence presented does not support a finding of adultery.
In view of the above, the decree of the trial court granting appellee-wife a divorce on the grounds of physical violence and adultery is not supported by sufficient evidence. This cause is therefore due to be and is reversed and remanded. In view of the above, it is not necessary or appropriate to decide other issues raised by the husband.
This opinion is not to be construed as commenting on or determining the compatibility or incompatibility of the parties to this action. See Phillips v. Phillips, 49 Ala. App. 514,274 So.2d 71 (1973); Code of Ala. 1975 § 30-2-1 [formerly Tit. 34, § 20, Code of Ala.]. The grounds for the divorce, as set out in the complaint, tried in the court below and argued in brief before this court, were solely concerned with physical violence and adultery. Our review has been limited to these grounds. It is the law in Alabama that a case will not be reviewed in the appellate court on a theory different *Page 277 
from that on which it was tried below. See Vulcraft, Inc. v.Wilbanks, 54 Ala. App. 393, 309 So.2d 105 (1975).
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.