WRIGHT, Presiding Judge.
This is a divorce case.
The parties were divorced April 15, 1977. Among other matters decreed, custody of the minor children was granted to the mother, Sharon Duquet Capper, subject to reasonable visitation by the father, Robert Neil Capper. A portion of that decree, which is the subject of this appeal, provides:
“7. In the event the parties mutually determined to send the minor children to private schools, and in the event defendant agreed in such case to pay the tuition of said minor children, then defendant will have the right to select the school to be attended by the minor children.”
On December 18,1981, the mother filed a petition to modify/petition for contempt order and motion for restraining order. Mother alleged father had at the time of the divorce agreed to continue to send the minor children to the schools in which they were already enrolled, and that father had made the tuition payments for a time but had now discontinued them.
A hearing was held on the matter April 21,1982. At that hearing the father admitted the facts as alleged in the mother’s allegations but added that, after two years of paying the educational expenses, he had withdrawn his consent in a letter to the mother due to financial difficulties. The father further testified his financial situation had improved at the time of the hearing, but that he was not willing to pay tuition for his children to attend the parochial school they were attending or any parochial school because he had changed faiths and his new faith prohibited him from sending his children to such a parochial school.
The mother testified that since the divorce she had changed jobs and that her new job paid less. The mother also testified to increased child support expenses. The court made a ruling May 13, 1982, modifying the original decree; the pertinent part reading as follows:
“It is further ORDERED by the Court that the defendant shall pay and be responsible for the tuition, books and uniforms for the minor child of the parties attending parochial school.”
The father moved the court for rehearing on the basis that the above order violated the first amendment to the U.S. Constitution and article 1, section 3, Constitution of Alabama of 1901. The motion was denied. The father appeals to this court from the May 13,1982 order requiring him to pay the children’s educational expenses and from the denial of his motion for rehearing.
The issue on appeal is whether the trial court erred in modifying the original judgment of divorce to require him to pay the children’s educational expenses. The father first asserts there was no material change of circumstances justifying the modification. A material change in circumstances must be found to have occurred before a modification can be made. Wise v. Wise, 396 So.2d 111 (Ala.Civ.App.1981). A finding of a material change in circumstances is presumed correct on appeal. For this court to overturn that finding, it must be so unsupported by the evidence as to be plainly and palpably wrong. Tucker v. Tucker, 403 So.2d 262 (Ala.Civ.App.1981); Bill v. Bill, 370 So.2d 1023 (Ala.Civ.App. 1979). Evidence of financial and religious changes was introduced. We cannot say that the evidence was so unsupportive of the court’s finding-that it was plainly and palpably wrong.
Next, husband asserts the order is unconstitutional because it compels him to support a religion not of his choice. The order pertains to child custody and support. The primary consideration in such matters is the welfare and best interests of the children. Cheatham v. Cheatham, 403 So.2d 250 (Ala.Civ.App.1981). This court presumes the trial court to have correctly applied its discretionary authority in such a matter and to have adjudged the best inter *88 ests of the children. Barber v. Lay, 384 So.2d 1095 (Ala.Civ.App.), writ denied, 384 So.2d 1096 (Ala.1980). We will not substitute our judgment for that of the trial court with respect to the provision dealing with the children’s education. See Mothershed v. Mothershed, 348 So.2d 501 (Ala. Civ.App.1977).
As Justice Almon stated in Hilley v. Hilley, 405 So.2d 708 (Ala.1981), the best interests of the children are the primary concern in all custody conflicts and not the desires of either the mother or the father. The order in the present case does not prohibit the parents from themselves following and/or engaging in the beliefs and practices of their chosen religion. It does not require the father to continue support of a religion to which he no longer subscribes. It merely requires him to support his children’s education; in this instance he has decided he doesn’t want them to attend a particular school — though he once agreed that they should attend that school. He has not shown that such continued attendance adversely affects the best interest of the children. His personal desires or religious preference are not paramount. Benefit or support to a religion, if any, is merely incidental to his obligation to contribute to their support.
The judgment below is affirmed. The father’s request for attorney fees is denied. The mother’s request for attorney fees is granted in the amount of $500.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.