This a matter of divorce and child custody. Divorce was granted after suit by the mother. The custody of two minor children was awarded to the mother. The father appeals from the custody award.
The testimony heard ore tenus discloses these pertinent facts: The parties were married approximately ten years. Toward the end of their marriage, the mother apparently became frustrated with the father's inability to adequately provide for his family. The father had earned more money in the earlier years of the marriage than the later years. The mother became dissatisfied with the long hours required of the father by his employment. He was an insurance salesman.
The mother received some $40,000 a short time before the divorce as an inheritance. She contributed much of her inheritance to the family. The mother secured a place for the family to live rent-free. She paid for an almost-new car. She still has approximately $20,000 in the bank, from which she receives monthly interest. The father was ordered to pay child support of $40 per week.
The father's take-home pay is now $150 per week. From that amount, he states he must pay $275 monthly for rent. If he had custody of the children, child care would cost $260 per month. The father himself has estimated that it would take $300 per month for food for himself and the children.
There was much testimony on the respective characters of the parties. The testimony of their parenting capabilities was conflicting, with positive and negative testimony given for each. Much of the father's case for custody was based on his contention that the mother's adultery and social activities after the separation were having *Page 637 
an adverse effect on the welfare of the children. There was substantial evidence concerning the social and possible sexual activities of the mother with other men. In particular, her activities were shown from the time of separation until the hearing of the petition for divorce. There was evidence tending to show that the mother often was in the company of a particular man at her home and other places. He was shown to stay at her home overnight; to have his phone calls at her home; to take showers at her home and change clothes there and to take trips with her. When asked by counsel if there occurred sexual intercourse at certain times and places, the mother denied some and pleaded her fifth amendment rights to others. The court overruled the father's objection to the mother's selective pleading of the fifth amendment and allowed the plea.
Following extensive testimony, the court granted custody of the children, ages six and three, to the mother. Motion for rehearing was denied.
The father raises three main contentions of error on appeal. First, he contends that the court abused its discretion in awarding custody to the mother, because the mother is not suitable to be the custodial parent. His basis for this contention is the alleged adultery of the mother. His second contention is that the court committed error by allowing the mother to selectively plead the fifth amendment when she was questioned about acts of adultery. His final contention of error is that the court abused its discretion by relying on the "tender years" doctrine in determining the custody of the minor children.
In child custody cases, there is a strong presumption in favor of the findings of the trial court. Cory v. Cory,429 So.2d 1096 (Ala.Civ.App. 1983). The judgment of the trial court in a case heard ore tenus is presumed correct, and will be reversed on appeal only if found to be plainly and palpably wrong. Cory, supra.
In deciding which parent should get custody of a child upon divorce, the paramount considerations are the welfare and best interests of the child. Capper v. Capper, 428 So.2d 86
(Ala.Civ.App. 1983). The misconduct of either spouse is only one factor to be considered in determining the children's best interests. Warren v. Warren, 386 So.2d 1166 (Ala.Civ.App. 1980). A divorced mother will not be denied custody of her children for every act of indiscretion or immorality. Gandy v.Gandy, 370 So.2d 1016 (Ala.Civ.App. 1979). Her adulterous conduct may be considered by the trial court as one of the factors in determining where custody should be placed. Stephensv. Stephens, 47 Ala. App. 396, 255 So.2d 338 (1971). We cannot find that the trial court was plainly or palpably wrong when it ruled that the lives of the children had not been "corrupted by any of the conduct, if believed, literally, at this stage." The question which the trial court must consider, as it did here, "is not the presence or absence of sexual activity in her social life," but "whether the emphasis on social life, promiscuous or chaste, detracts from a stable, worthwhile environment for the child." Junkin v. Junkin, 332 So.2d 392
(Ala.Civ.App. 1976). We find no evidence presented that the activities of the mother during the brief time of scrutiny had resulted in any neglect or failure to properly care for the children. In the absence of such evidence, this court will not substitute its judgment for that of the experienced trial judge.
We have considered the father's argument that the court erred in allowing the mother to refuse to answer questions requiring her to either admit or deny acts of adultery. We are not convinced that the trial court erred. However, in any event, we have previously said that though a party in a civil case may avail himself of a constitutional right to refuse to answer a question, such refusal may be considered against such party by the trier of fact. Anonymous v. Anonymous, 353 So.2d 510
(Ala.Civ.App. 1977). It is to be presumed that such refusal was duly noted by the trial court in this case. *Page 638 
Finally, we address the father's contention that the trial court erred by applying the "tender years" presumption when it considered the custody issue. The "tender years" presumption, which presumed that, in absence of evidence to the contrary, the natural mother is the proper person with whom custody should be placed when the children are of "tender years," has been abolished in Alabama. Ex parte Devine, 398 So.2d 686 (Ala. 1981). The father no longer has to "carry the difficult burden of affirmatively proving the unfitness of the mother." Ex parteDevine, supra. Now, the "rule is simply that custody of a young child is awarded according to the best interest of the child as disclosed by the particular facts in each case." Thompson v.Thompson, 431 So.2d 1310 (Ala.Civ.App. 1983).
The precise language used by the trial court to which the husband attributes error is as follows:
 "Maybe I'm a little old-fashioned in this liberated society that we hear so much about, you would be led to believe by some people that there is no difference, but I still think that in most cases that the young and tender-aged children are better off with the mother if the mother provides and loves and cares and [gives] the leadership that the children deserve."
Standing alone, this language borders on evidencing an improper application of the now prohibited "tender years" doctrine. However, when read in its entirety, the trial court's final order clearly evidences that the trial court did not base its decision on the age of the children alone, but rather considered those interests which are to be paramount in a child custody determination:
 "Regardless of the character of the defendant and regardless of the character of the [plaintiff] in this case, it all gets down to the point which this Court considers in the overall situation: What is the best interest and welfare of the children?"
Ex parte Devine does not prohibit the trial court fromconsidering the age of the children. It prohibits the consideration of a presumption in favor of the mother's custodybased upon the age of the children. Ex parte Devine, supra. The age of the children is now one factor in a long list which is to be considered by the trial court in awarding custody. Exparte Devine, supra. While considering those factors, such as the capacity to meet emotional, moral, material needs, etc., the primary duty of the trial court, based upon the facts presented in each case, is to award custody "according to the best interests of the child." From the evidence and testimony in this case, we cannot find that the trial court failed to do that here.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.