This is a divorce case.
Husband and wife filed separate petitions for divorce alleging incompatibility and an irretrievable breakdown of the marriage. The actions were consolidated, and, after receivingore tenus evidence, the trial court entered a final divorce decree on November 29, 1988, on the grounds of incompatibility of temperament, an irretrievable breakdown of the marriage, and adultery *Page 612 
committed by the husband. The post-trial motion of the husband requesting that the language concerning adultery be omitted from the divorce decree was denied. This appeal followed.
The single issue on appeal is whether the trial court erred in including adultery as one ground for granting the divorce.
It is well established that the ore tenus rule applies in divorce cases, affording the judgment a presumption of correctness. Hartselle v. Hartselle, 475 So.2d 860
(Ala.Civ.App. 1985).
In this case the wife offered "love letters" she found in the husband's briefcase. The trial court allowed the letters and testimony regarding them to be admitted into evidence over the objections of the husband's attorney. The husband argues that the subsequent finding of adultery based on the letters was an abuse of the trial court's discretion.
We follow our earlier holding that "proof to support the charge of adultery must be such as to create more than a suspicion. It must be sufficiently strong to lead the guarded discretion of a reasonable and just mind to the conclusion of adultery as a necessary inference." Boldon v. Boldon,354 So.2d 275, 276 (Ala.Civ.App. 1978).
In the instant case, like Boldon, supra, only "love letters" were presented to imply that the husband had committed adultery. The letters do not show any adultery on the part of the husband, or even rise to the level of supplying evidence supporting a finding of adultery. The granting of this divorce on the ground of adultery is not supported by the evidence. Accordingly, it was error for the trial court to include adultery as a ground for granting the divorce and to deny the husband's post-trial motion.
The trial court stated in its judgment of divorce that "the grounds of this divorce" were considered in the property settlement formulated by the trial court. This it was not authorized to do under the evidence, or lack of evidence, presented on the ground of adultery.
Therefore, that part of the trial court's judgment as to the division of marital property is due to be reversed, and the trial court is instructed to arrive at a property settlement which would not utilize adultery as a criterion for the division.
The wife's request for an attorney's fee is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and RUSSELL, J., concur.