William Edward Hooker, Sr. (father) filed a complaint for divorce against Sallie Ruth Hooker (mother), alleging an irreconcilable incompatibility of temperament. The mother counterclaimed, alleging that the marriage should be dissolved because of adultery committed by the father.
After an ore tenus proceeding, the trial court entered a judgment of divorce based on the mother's counterclaim and on the grounds of adultery. Custody of the parties' two minor children was awarded to the mother, subject to the father's visitation rights. Furthermore, the trial court ordered the following:
 "4. That the [father] shall pay child support to the [mother] in the amount of $789.36 per month for the support and maintenance of the two minor children and the oldest child who is presently a full time student at Auburn University, . . . until such time as the minor children shall reach the age of majority, marry, or becoming self-supporting. . . . The [father] shall also pay for one-half of all reasonable educational expenses of the parties' children while said children attend college. These expenses shall include tuition, books, and board."
The father appeals and argues that the trial court erred in requiring the father to pay child support and college expenses for a child who had reached majority prior to the filing of the divorce complaint; that the trial court erred in requiring the father to pay child support for his two youngest children as long as they were "continuing their education" and extending past the age of majority; that the trial court erred in requiring the father to pay one-half of the college expenses for his three children where the record contained no evidence of the children's commitment to, and aptitude for, a college education; that the trial court erred in computing the child support in accordance with Rule 32, A.R.J.A.; and, that the trial court erred in granting the divorce on the grounds of adultery.
First, in considering child support generally, we note that our supreme court in Ex parte Brewington, 445 So.2d 294 (Ala. 1983), allowed a trial court to order support to be paid by a non-custodial parent for a child who is, at the time of majority, dependent because of a physical or mental disability if that disability renders it incapable of self-support. In Exparte Bayliss, 550 So.2d 986 (Ala. 1989), the supreme court expanded Brewington to include an exception for college education expenses if application is made before the child reaches the age of majority and other standards are shown, i.e., that the child would have received a college education had not the marriage "been put asunder by divorce."
Here, Ed, the oldest child, reached majority status before the complaint for divorce was filed and, consequently, before application for post-minority educational support could have been made. Therefore, *Page 1025 
we hold that the trial court erred in making such an award.
Since Ed is not eligible for post-minority educational support, and since he is not physically or mentally disabled, the father is not responsible for child support for Ed, and the trial court's award of such support is in error.
As stated earlier, the trial court ordered the father to pay one-half of the three children's reasonable educational expenses while the children attend college which shall include tuition, books, and board. Since the father already has been excepted from paying such an award for Ed's college education, our focus will be upon the payment of post-minority educational support for the two minor children.
The allowance in Bayliss for college expenses beyond the age of majority is predicated upon the trial court considering "all relevant factors that shall appear reasonable and necessary, including primarily the financial resources of the parents and the child and the child's commitment to, and aptitude for, the requested education." Bayliss at 987.
As to Bayliss's first primary factor, consideration of the financial resources of the parents and child, we note that this court has held that an award of educational support was in error where there was no legal evidence as to the actual cost of books, tuition, and board. Thrasher v. Wilburn,574 So.2d 839 (Ala.Civ.App. 1990). We stated that we were "unable to determine if the sums required to be paid by the father would cause him undue hardship." Thrasher at 841.
Although the mother testified here as to the cost of some of these items for the two minor children, the record does not reflect sufficient evidence to determine if the payment of these expenses would cause an undue hardship on the father. Also, the record is silent as to any commitment or aptitude shown by the two minors for a college education. In fact, the only mention is that one child is enrolled in Judson College, and the other is enrolled in high school. We hold, therefore, that the trial court erred in requiring the father to pay post-minority educational support for the other two children as stated in its order.
Since the trial court erroneously included Ed in its calculation and order concerning the payment of child support by the father, the calculation and award of such support was error and must be recalculated according to Rule 32, A.R.J.A.
Finally, the father argues that the trial court's finding of adultery as alleged in the mother's counterclaim was based on insufficient evidence, and, therefore, the divorce should not have been granted on such grounds.
To support the charge of adultery, "the proof must be such as to create more than a mere suspicion, but be sufficient to lead the guarded discretion of a reasonable and just mind to the conclusion of adultery as a necessary inference." Maddox v.Maddox, 281 Ala. 209, 212, 201 So.2d 47, 49 (1967). In Maddox, our supreme court reversed a trial court's finding of adultery committed by the mother where a witness testified that he saw the mother rendezvous with an unidentified man and then drive to, and enter, a motel where their car remained for over an hour.
In this case, the adultery is alleged to have occurred between the father and a friend's sister, Ms. Patton. According to the record, the two met when the father went on a hunting trip to Oklahoma, which is where his friend, Tom, resided with his sister, Ms. Patton. After returning to Alabama, the father made numerous phone calls to that residence, some of which were as late as midnight or one o'clock in the morning. The father testified that the phone calls which were made to the residence in Oklahoma were intended for Tom, and that it was through one of these calls that the father learned of Ms. Patton's desire to pursue a possible job opening in the Selma area. Upon learning of this, the father gave the name of his landlord to Ms. Patton, and she later moved to Alabama to take the job and rented an apartment from the father's landlord in the same building where the father resided. Never was there any testimony that the two had any sexual *Page 1026 
relations. Ms. Patton later moved from the area.
Although these facts may create a suspicion of adultery, we cannot say that they "lead the guarded discretion of a reasonable and just mind to the conclusion of adultery as a necessary inference." Maddox at 49. Therefore, the trial court's finding of adultery was error.
Accordingly, the judgment of the trial court is hereby reversed, and this cause is remanded with instructions for the entry of a judgment consistent with this opinion.
Both parties' requests for attorney's fees are denied on appeal.
REVERSED AND REMANDED WITH INSTRUCTIONS.
RUSSELL, J., concurs.
THIGPEN, J., concurs in result only.