617 So.2d 678 (1992)
Donald Glenn LANGLEY
v.
Mitzi G. LANGLEY.
2910511.
Court of Civil Appeals of Alabama.
December 18, 1992.
Rehearing Denied January 29, 1993.
Certiorari Denied March 26, 1993.
Gary L. Armstrong of Armstrong, Vaughn & Stein, Daphne, for appellant.
W. Kenneth Gibson, Fairhope, for appellee.
Alabama Supreme Court 1920704.
ROBERTSON, Presiding Judge.
The parties were originally married in 1968, were divorced in 1975, and remarried each other in 1975. In March 1991, the wife filed a complaint which alleged a complete incompatibility of temperament between the husband and the wife so that the parties could no longer live together and that such incompatibility was irremediable and irreconcilable; that there had been an *679 irretrievable breakdown of the marriage; and that further attempts at reconciliation were impractical or futile. Further, the wife requested that a judgment of divorce be rendered on account of complete incompatibility of temperament; that the assets of the parties be equitably divided; that the wife receive support and maintenance; and that the husband be responsible for the costs and expenses of the proceeding and the wife's attorney's fees.
Following the filing of the husband's answer, the wife filed an amended complaint which amplified the grounds for divorce by alleging that the husband was guilty of adultery. The husband filed a motion to strike the amended complaint citing Rule 15, Alabama Rules of Civil Procedure, and stating that an answer was filed by the husband on May 8, 1991, and that there was no motion for leave to file the amended complaint. The husband's motion was granted by the trial court on July 23, 1991. On July 31, 1991, the wife filed a second amended complaint which alleged that the husband had been guilty of adultery during the marriage, which was not condoned by the wife. This amendment to the complaint was never challenged by the husband.
In April 1992, following an ore tenus proceeding, the trial court entered a final judgment which, inter alia, granted the wife a divorce on the grounds of adultery; awarded the wife the sole ownership of the homeplace; and ordered the husband to pay $650 per month as periodic alimony.
Following the filing of postjudgment motions by both parties, the trial court entered an order modifying the divorce decree by specifying the dates of certain payments and denied both parties' motions. The husband appeals.
The husband contends on appeal that adultery was not properly plead; that the trial court erred in granting the wife a divorce on the grounds of adultery; and that the trial court abused its discretion in its property division and award of periodic alimony.
We first address the husband's argument that the grounds of adultery were not properly before the trial court. As previously noted, the wife's second amended complaint, alleging adultery committed during the marriage, was not challenged before the trial court by the husband. The husband seems to argue that the amended Rule 15, Alabama Rules of Civil Procedure, which became effective August 1, 1992, was controlling. However, the pleadings in this case were governed by Rule 15, A.R.Civ.P., as amended June 17, 1975. Therefore, the husband's arguments as to this issue are without merit.
The husband contends that the trial court erred in granting the wife a divorce on the grounds of adultery, in that the wife did not prove any adulterous conduct on the part of the husband and, consequently, erred in its division of property and award of alimony.
Following the ore tenus proceeding, the trial judge stated:
"[T]here must be some reason why three people have decided that they might be incriminated in a criminal action by testimony which admittedly is not strongly corroborated, but at least is corroborated by Mr. Danny Kulicka and [the wife].... [M]y tendency, based on the evidence that has been produced, is to believe that, in fact [the husband] had some sort of relationship with both Ms. Kulicka and Ms. Carney."
To support the charge of adultery, the proof must be such as to create more than a mere suspicion. Hooker v. Hooker, 593 So.2d 1023 (Ala.Civ.App.1991). The proof must be sufficient to lead the guarded discretion of a reasonable and just mind to the conclusion of adultery as a necessary inference. Hooker. In Maddox v. Maddox, 281 Ala. 209, 201 So.2d 47 (1967), our supreme court reversed a trial court's finding of adultery committed by the wife where a witness testified that he saw the wife rendezvous with an unidentified man and then drive to, and enter, a motel where their car remained for over an hour and held that the burden was on the husband to prove adultery by competent and legal evidence.
*680 The record in this case reflects that the husband, when questioned as to the allegations of adultery, invoked the privilege of the Fifth Amendment of the U.S. Constitution against self-incrimination. The record also reveals that during the testimony of Mary Alice Kulicka, when asked if she had been involved in an on-going adulterous affair with the husband, invoked her privilege against self-incrimination.
Janna Faye Carney testified that the husband was a co-worker. When questioned as to whether she had an adulterous relationship with the husband, she too invoked the privilege against self-incrimination.
Mr. Kulicka, Ms. Kulicka's ex-husband, testified that, during his marriage to Ms. Kulicka, the husband came to their home two to three times a week; that at social dances he felt as if he were "providing an escort service for my wife to the dance so she could dance with [the husband]." Also, he testified that he had several conversations with the husband regarding a van that the husband had sold. Mr. Kulicka testified that the husband told him that he missed the van because it was good for picking up women.
The wife testified that at social events she did not want to be around Ms. Kulicka because the husband paid all of his attention to Ms. Kulicka and that he ignored her. Also, she testified that she confronted the husband with her suspicion concerning Ms. Carney, and the husband told her that nothing was going on between them. She testified that the husband was non-affectionate towards her; that there was no communication between them; and that he was never at home. She testified that it was her opinion that the husband had affairs with the two women mentioned, and that she bases her opinion on "their responses around each other when they were together."
This court has previously addressed cases such as this where parties alleged to have committed adultery have invoked the privilege of the Fifth Amendment. In Anonymous v. Anonymous, 353 So.2d 510 (Ala.Civ.App.1977); and in Cokely v. Cokely, 469 So.2d 635 (Ala.Civ.App.1985), this court found that claiming the privilege against self-incrimination may be brought to the attention of the trier of the facts, and that it raises a presumption that operates against the party claiming the privilege. Anonymous and Cokely. In Anonymous, the wife repeatedly invoked the privilege of the Fifth Amendment when questioned as to her relationships with several married physicians. Also, the physicians all claimed the Fifth Amendment privilege when deposed or when they appeared on the witness stand. However, in Anonymous, this court found that there was sufficient evidence to prove adultery on the part of the wife without the trial court considering the repeated Fifth Amendment privilege claims. In this case, while the wife had an opinion and Mr. Kulicka was suspicious, there were no evidentiary facts to support the finding of adultery on the part of the husband.
We find that the "presumption that operates against a party claiming the privilege" is not "sufficient proof" to lead the guarded discretion of a reasonable and just mind to the conclusion that the act of adultery was committed as a necessary inference. In other words, a presumption against a party is not sufficient competent and legal evidence that the party has committed adultery. Therefore, the trial court erred in granting the divorce on the grounds of adultery.
Since it is apparent that the trial court based the division of property and the award of alimony on the grounds of adultery, we reverse and remand for the trial court to enter a judgment without considering adultery as the grounds for divorce. Maddox v. Maddox, 553 So.2d 611 (Ala.Civ. App.1989).
REVERSED AND REMANDED WITH INSTRUCTIONS.
RUSSELL, J., concurs.
THIGPEN, J., dissents.
THIGPEN, Judge, dissenting.
I respectfully dissent. The legal principles concerning divorce are well settled by *681 the vast number of cases. The judgment of a trial court following the presentation of evidence ore tenus is presumed correct if supported by the evidence, and it will not be set aside on appeal unless it is plainly and palpably wrong or unjust. Waid v. Waid, 540 So.2d 764 (Ala.Civ.App.1989); Lucero v. Lucero, 485 So.2d 347 (Ala.Civ. App.1986); and Carnaggio v. Carnaggio, 475 So.2d 861 (Ala.Civ.App.1985). Absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985).
Adultery, which is difficult and rare to prove by direct means, may be proven by circumstantial evidence which creates more than a mere suspicion. Billington v. Billington, 531 So.2d 924 (Ala.Civ.App.1988). Proof to support the charge of adultery "must be sufficiently strong to lead the guarded discretion of a reasonable and just mind to the conclusion of adultery as a necessary inference." Boldon v. Boldon, 354 So.2d 275, 276 (Ala.Civ.App.1978). Adultery, within the context of divorce proceedings, has not been specifically defined by Alabama caselaw; however, it appears that proving adultery for purposes of divorce is a lesser burden than proof for criminal conviction, pursuant to Ala.Code 1975, § 13A-13-2. See discussion in Rowe v. Rowe, 575 So.2d 584 at 586 (Ala.Civ.App. 1991).
In the present case, more than a mere suspicion of adultery could have been created by the testimony of the two witnesses and the husband's own testimony concerning his attitude regarding his marital commitment to his wife. Mr. Kulicka testified that the husband frequently visited Mrs. Kulicka in the Kulickas' home while they were still married, and that he suspected that there were other instances where Mrs. Kulicka and the husband met. Mr. Kulicka testified that on occasion, the husband had asked Mr. Kulicka "to go with him to chase women." Mr. Kulicka also testified that he did not confront Mrs. Kulicka about her relationship with the husband because he wanted "to hold my marriage together" and to not disrupt the lives of his children.
The testimony of Mr. Kulicka and that of the wife, if believed, could create more than a mere suspicion and could reasonably lead to the inference that the act of adultery was committed. The only witnesses called (including the husband) who could testify directly regarding the act of adultery claimed the privilege against self-incrimination when asked about sexual involvement with each other during the husband's marriage. It appears to me that once the trial court was led to the necessary inference of adultery, the presumption which operates against one claiming the privilege against self-incrimination strengthened that conclusion.
One's refusal to testify may be brought to the attention of the trial court. Anonymous v. Anonymous, 353 So.2d 510 (Ala. Civ.App.), rev'd on other grounds, 353 So.2d 515 (Ala.), on remand, 353 So.2d 519 (Ala.Civ.App.), cert. denied, 353 So.2d 520 (Ala.1977). The majority opinion notes that when one claims the privilege against self-incrimination, a presumption is created that operates against the party claiming the privilege. Cokely v. Cokely, 469 So.2d 635 (Ala.Civ.App.1985), and Anonymous, supra. See also Kirkland v. Kirkland, 236 Ala. 120, 181 So. 96 (1938). In evaluating the evidence, a trial court may consider a witness's refusal to testify. Drill Parts & Service Co. v. Joy Manufacturing Co., 439 So.2d 43 (Ala.1983). Further, the presumption against the husband shifted the burden of going forward to the husband, which he was required to "remove by strong and convincing evidence." Adams Constr. Co. v. Adams, 254 Ala. 547, 551, 49 So.2d 138, 142 (1950) (Brown, J., specially concurring). Here, the husband failed to produce any evidence to rebut the presumption against him.
The judicial mind could "be reasonably satisfied from such circumstantial evidence and all reasonable and proper inferences therefrom that the act was committed." Billington at 924. It is my opinion that we are controlled here by "our duty to affirm the decree of the trial court who heard and saw the witnesses." Boldon at 275. Therefore, I respectfully dissent regarding the issue of adultery.
*682 I must also dissent regarding the husband's final issue concerning the alimony and property awards. Regardless whether adultery is utilized as the grounds for the divorce, evidence of the conduct of the parties may be considered, inter alia, by the trial court in fashioning its awards. Jordan v. Jordan, 547 So.2d 574 (Ala.Civ.App. 1989), Lones v. Lones, 542 So.2d 1244 (Ala. Civ.App.1989), and Coby v. Coby, 489 So.2d 597 (Ala.Civ.App.1986). Even if a divorce is granted on the grounds of incompatibility, a trial court may consider fault when making a division of property. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986). The instant record is replete with evidence, including the husband's own testimony, regarding the husband's attitude towards the marital commitment, his treatment of his wife, and his preference for other women during the marriage.
There are many other factors which a trial court may consider in making its awards, including the duration of the marriage, the ages and health of the parties, their station in life, their future prospects, their earning capacities, and the marital properties. The record includes ample evidence regarding such factors. See Waid and Carnaggio. After thoroughly reviewing the entire record with the attendant legal presumptions, I am not persuaded that the trial court abused its discretion in making the alimony award and the property division. There is sufficient evidence in the record to support the trial court's judgment regarding its alimony award and property division notwithstanding the adultery determination; therefore, I would affirm as to this issue. Consequently, I must respectfully dissent.