I write to express my concerns regarding the source of the high scrutiny given to the testimony of one spouse as to admissions of adultery from the other spouse and to explain why I do not join either dissent in this case.
In Alabama, our present caselaw appears to derive from a section of the Code, § 30-2-3, Ala. Code 1975, that has remained the same since well before the advent in 1971 of our modern "no-fault" grounds for divorce.[1] Today, §30-2-3, Ala. Code 1975, provides:
 "No judgment can be entered on the confession of the parties, or either of them, or if it appear that adultery was committed by either, with the consent of the other, for the purpose of obtaining a divorce, or where both parties have committed adultery, or where there has been a condonation of adultery by the admission of the offending party to conjugal embraces after knowledge of the commission of the crime, or when the husband knew of or connived at the adultery of the wife."
(Emphasis added.) The annotations to this section indicate that it was previously codified as: "Code 1852, § 1966; Code 1867, § 2356; Code 1876, § 2690; Code 1886, § 2327; Code 1896, § 1491; Code 1907, § 3799; Code 1923, § 7413; Code 1940, T. 34, § 26." Cases that apply this *Page 329 
section or its precursors, and upon which our current jurisprudence appears to be based, date at least as far back asKing v. King, 28 Ala. 315 (1856). See also Russellv. Russell, 270 Ala. 662, 120 So.2d 733 (1960).
Thus it is apparent that our present caselaw is built upon a statute and policy intended to prevent divorces on grounds that have, in modern times, become accepted in law[2] and commonplace in practice. As noted in 49 Am.Jur. Proof of Facts 3d Adultery § 14 (1998):
 "Traditionally, the preservation of the marital union was necessary to protect the decency and purity of society, and for this reason, a husband and wife could not cast it off by mutual consent, as parties to an ordinary contract may annul its obligations. Therefore, to prevent collusion, admissions of adultery by the parties were required to be corroborated by other evidence. As the grounds for divorce have became more relaxed, the need for corroboration has diminished proportionally. Divorces are now permitted by voluntary agreement and the suspicion of collusion is not nearly as likely as when divorces were available only for some specified aberrant conduct."
(Footnotes omitted.)
Because divorce law has evolved to the point that it has eclipsed some of the policy considerations behind § 30-2-3, I think that in some circumstances one spouse's testimony as to the other spouse's confessions of adultery should be sufficient evidence on which a trial court could grant a divorce on the ground of adultery. Therefore, I suggest that the time may be ripe for a reexamination of this statute and our caselaw relying upon it.
However, I point out that I do not join either dissent in this case primarily because of my reluctance to infer as much as the dissenters do from the husband's invocation of hisFifth Amendment right against self-incrimination. In Alabama, adultery is still a crime. See § 13A-13-2(c), Ala. Code 1975 (adultery is a Class B misdemeanor). The protection afforded the husband against self-incrimination by the Fifth Amendment is significant. There is a danger in inferring too much, even in the civil context, from a witness's invocation of this right. This concern is reflected in this court's holding, inLangley v. Langley, 617 So.2d 678 (Ala.Civ.App. 1992).Langley, in reversing the trial court's judgment, held that even when a husband, and two of his alleged paramours, invoked the privilege against self-incrimination, the resulting adverse presumption against the husband was not sufficient to grant a divorce on the ground of adultery.Id.
I simply do not think that the adverse presumption arising from the husband's invocation of his Fifth Amendment right against self-incrimination, even when coupled with the other factors in this case, should be considered evidence "sufficiently strong to lead the guarded discretion of a reasonable and just mind to the conclusion of adultery as anecessary inference." Boldon v. Boldon,354 So.2d 275, 276 (Ala.Civ.App. 1978) (emphasis added).
THOMPSON, J., concurs.
[1] See Penny A. Davis Robert L. McCurley, Jr.,Alabama Divorce, Alimony Child Custody Hornbook, § 7-2 (4th ed. 2005)("In 1971 the Alabama Legislature added two new grounds for divorce, `incompatibility' and `irretrievable breakdown of the marriage.'" (footnotes omitted)).
[2] See § 30-2-1 (a)(7) and (9), Ala. Code 1975 (providing as grounds for divorce incompatibility of temperament and irretrievable break-down of the marriage, respectively).