977 So.2d 500 (2007)
Jimmy Curtis ACTON III
v.
Erica André Acton CRISWELL.
No. 2050896.
Court of Civil Appeals of Alabama.
May 18, 2007.
Certiorari Denied July 13, 2007.
Mari Morrison, Birmingham, for appellant.
Marilyn Scott Floyd, Legal Services Alabama, Selma, for appellee.
Alabama Supreme Court 1061315.
BRYAN, Judge.
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (A)(2)(A) & (F), Ala. R.App. P.; Ex parte Martin, 961 So.2d 83, 88 (Ala.1996); Ex parte Bryowsky, 676 So.2d 1322, 1324 (Ala.1996); Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992); Ex parte McLendon, 455 So.2d 863 (Ala.1984); Webb v. Webb, 950 So.2d 322, 327 (Ala.Civ.App.2006); Kratz v. Kratz, 791 So.2d 971 (Ala.Civ.App.2000); J.T.H. v. W.R.H., 628 So.2d 894 (Ala.Civ. App.1993); Ward v. Rodenbaugh, 509 So.2d 910, 911 (Ala.Civ.App.1987); and Clayton v. Pair, 457 So.2d 420, 422 (Ala. Civ.App.1984).
The appellant's request for an attorney's fee on appeal is denied.
THOMPSON, P.J., and PITTMAN, J., concur.
THOMAS and MOORE, JJ., concur in part and dissent in part, with writings.
THOMAS, Judge, concurring in part and dissenting in part.
This is a child-custody-modification case in which the trial court awarded custody of the parties' minor child to Erica André Acton Criswell ("the mother"), awarded the mother child support, and denied Jimmy Curtis Acton III ("the father") visitation rights. Although I would affirm the judgment insofar as it modifies the child-custody provision of the divorce judgment and awards the mother child support, I would reverse the judgment insofar as it denies all visitation rights to the father.
Although a trial court has a wide degree of discretion in visitation matters, see, e.g., Smith v. Smith, 887 So.2d 257, 264 (Ala. Civ.App.2003); Anonymous v. Anonymous, 620 So.2d 43, 44 (Ala.Civ.App.1993), this court has reversed judgments imposing visitation restrictions that were considered more severe than necessary to protect the best interests of the children, see, e.g., Smith v. Smith, 599 So.2d 1182, 1187 (Ala.Civ.App.1991) (reversing a judgment imposing a visitation restriction prohibiting the mother from allowing any male to whom she was not married or immediately related to be in her residence during visitation periods).
In my judgment, it is not in the child's best interests to be denied all contact with his father. The trial court's understandable concerns regarding the father's alcohol abuse and neglectful care of the child can be addressed by requiring, among other things, that the father's visitation be supervised, see Webber v. Webber, 854 So.2d 133, 137 (Ala.Civ.App.2003) (reversing a judgment automatically suspending the mother's visitation privileges if she were to move beyond a certain geographical area and noting that "the trial court could have included a provision in its order requiring the mother to give prior written notification to the father of her intent to move from the restricted area or that the court *501 could have ordered that the mother's visitation be supervised"), or that the father undergo substance-abuse counseling and treatment, see E.M.C. v. K.C.Y., 735 So.2d 1225, 1230 (Ala.Civ.App.1999) (affirming a judgment prohibiting visitation "until the father obtain[s] professional counseling").
MOORE, J., concurs.
MOORE, Judge, concurring in part and dissenting in part.
Although I would affirm the trial court's judgment insofar as it modifies the child-custody provision of the parties' divorce judgment and awards the mother child support, I would reverse the judgment insofar as it denies all visitation rights to the father. I agree with Judge Thomas that the trial court exceeded its discretion by barring all visitation; I would reverse the trial court's judgment denying visitation for the same reasons set forth in the lead opinion in Jackson v. Jackson, [Ms. 2050716, April 13, 2007] ___ So.2d ___ (Ala.Civ.App.2007) (plurality opinion), in which this court reversed the trial court's judgment insofar as it required that the mother's visitation be supervised.